UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CRIMINAL NO. 04-10372-WGY |
| ) | |
| GEORGE KANDIRAKIS ) | |

DEFENDANT'S MOTION FOR JURY QUESTIONNAIRE

The defendant, George Kandirakis, respectfully moves, pursuant to Fed.R.Crim.P. 24(a), that this court issue an order regarding jury selection procedures in this case, including: 1) use of jury questionnaire, attached as Exhibit A and/or 2) individual questioning of prospective jurors.

As grounds for this motion, defendant states that extra steps are necessary to ensure that the jury in this case is unbiased. See generally Mu'Min v. Virginia, 111 S.Ct. 1899 (1991); Rosales-Lopez v. United States, 451 U.S. 182 (1981). Defendant cites as reasons the following:

1. Based on undersigned counsel's experience, prospective jurors often have strong feelings about drugs, often arising from personal experiences. They may well be reticent to respond publicly to an inquiry regarding such feelings. Past experience with questionnaires indicates that jurors are more likely to be open about these feelings and opinions if they are permitted to respond in writing.

1

In addition, questionnaires can expedite jury selection by permitting some jurors who clearly would not be impartial to be excluded, by agreement of the parties and the court, without lengthy questioning.

2. The First Circuit has taken note of the "unfashionable assumptions and reactions of jurors," saying that parties must consider "how real jurors might react—not necessarily politically correct ones." See Mathews v. Rakiey, 54 F.3d 908, 914 n.3, (1st Cir. 1995). This suggests the importance of probing those "unfashionable" reactions.

Moreover, undersigned counsel has participated in cases in which questionnaires were used to probe the views of prospective jurors. The responses in those cases, unlike those in which the trial judge questioned the jurors, were far more likely to reveal bias that resulted in disqualification of the prospective juror. While jurors questioned individually may feel less inhibited about admitting biases (depending on how the questions are phrased), it is the experience of undersigned counsel that jurors still are less likely to admit to their prejudices when they are required to respond directly to the judge, in the presence of counsel and (perhaps) the defendant, than they are when permitted to fill out a written questionnaire. Of course, jurors still could be and should be questioned regarding these sensitive areas after they have filled out the questionnaire.

Respectfully submitted
GEORGE KANDIRAKIS
By his Attorney,

Rosemary Curran Scapicchio
Four Longfellow Place
Suite 3703
Boston, MA 02114
(617) 263-7400
BBO# 558312

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party and upon any party appearing pro se by first class mail, postage prepaid.

Dated: 9/12/05    RCS

# EXHIBIT A

Juror Number _____

General Instructions for Completing Questionnaire

This questionnaire is being used to assist in jury selection in the case of <u>United States of America v. George Kandirakis</u>. Please answer all questions below completely and truthfully. Your answers will be used only for the purpose of selecting a jury in this case. There are no right or wrong answers to these questions. If you have any difficulty answering any of these questions, do no hesitate to consult the Court before answering that particular question. Please keep in mind that you are answering these questions under oath and must be truthful.

Name:

_____

If married, full name of your spouse and your spouse's occupation:

_____

1. How long have you lived in Massachusetts?

_____

2. What is your occupation or profession?

_____

3. Have you ever had a different occupation or profession?

_____ Yes _____ No

If so, what was it?

_____

4. How far did you go in school? _____

5. Have you or any family member ever had any training in law, legal procedures or criminal justice? _____ Yes _____ No

(If yes, please describe)

_____

_____

6. Do you read any newspapers or magazines regularly? If so, which ones?

_____

_____

7. Have you, your spouse, any member of your family, or any close friend ever been a victim of crime? _____ Yes _____ No

If so, please answer the following questions:

Relationship of person to you: _____

Type of Crime: _____

Did you or your relative or friend ever testify in court? _____ Yes _____ No

8. Have you, your spouse, any member of your family, or any close friend ever been a witness to a crime? _____ Yes _____ No

If so, please answer the following questions:

Relationship of person to you: _____

Type of Crime: _____

Did you or your relative or friend ever testify in court? _____ Yes _____ No

9. Have you, your spouse, a relative, or a close friend ever had a problem with, been treated for, or been addicted to drugs? _____ Yes _____ No.

2

If yes, please describe the circumstances:

_____

_____

10. Do you have any opinions about drugs that cause you to question your ability to be impartial in this case? _____ Yes _____ No

11. Please list you memberships (and the memberships of your spouse) in any social, fraternal or cultural clubs or organizations involved with the issues of crime or drugs:

_____

_____

12. The defendant is charged with being a conspiracy to distribute oxycotin. Have you heard or read anything about this case? _____ Yes _____ No

If so, what have you heard or read?

_____

_____

13. Do you have any reaction to or opinion regarding the allegation that causes you to doubt your ability to be fair or impartial in this case?

_____ Yes _____ No

14. Do you think that the fact that this case involves an allegation regarding a drug conspiracy will make it difficult for you to evaluate the evidence fairly and impartially? _____ Yes _____ No

3

15. Has anything you have heard, read, or seen regarding drugs affected you in any way that would prevent you from deciding this case solely upon the evidence produced at trial? \_\_\_\_\_ Yes \_\_\_\_\_ No

16. Have you heard or read anything, or do you have any opinions about crime that would affect your ability to evaluate the evidence fairly and impartially in this case? \_\_\_\_\_ Yes \_\_\_\_\_ No

17. Have any newspaper articles, television reports, or media coverage about crime or drugs affected you in a way that would make it difficult for you to fairly an impartially decide this case solely upon the evidence produced at trial? \_\_\_\_\_ Yes \_\_\_\_\_ No

18. Would you treat the testimony of a law enforcement officer differently from that of any other witness? \_\_\_\_\_ Yes \_\_\_\_\_ No

The answers I have given are true and correct to the best of my knowledge.

_____
Juror Signature