UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 04-10372-WGY |
| | ) | |
| | ) | |
| GEORGE KANDIRAKIS | ) | |
| | ) | |

**GOVERNMENT'S PROPOSED JURY INSTRUCTION ON RELEVANT CONDUCT**

The United States of America, through Michael J. Sullivan,
the United States Attorney for the District of Massachusetts, and
William D. Weinreb and Nancy Rue, Assistant U.S. Attorneys,
respectfully submit the following proposed jury instruction
regarding relevant conduct.

1.    The Court has stated that it intends to ask the jury to
render an advisory opinion on the quantity of oxycodone, if any,
for which the defendant is responsible, and that it intends to
instruct the jury make this determination based on proof beyond a
reasonable doubt.

2.    Because the Court itself ultimately must make the drug
quantity determination by a preponderance of the evidence rather
than by proof beyond a reasonable doubt, the government objects
to the jury's being instructed to employ the higher standard.
Without waiving that objection, the government has endeavored to
draft a jury instruction that will best effectuate the Court's
intended intentions.  The draft instruction, which is attached,

is based entirely on the language of USSG § 3B1.3 and its

commentary.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:    /s/ William Weinreb
WILLIAM D. WEINREB
NANCY RUE
Assistant U.S. Attorneys

**DRUG QUANTITY DETERMINATION**

If you find the defendant guilty of the crime charged in the indictment, you must then determine the quantity of oxycodone, if any, that he is responsible for.  The burden is on the government to prove the quantity beyond a reasonable doubt.

The verdict form I give you will have a space for you to indicate the number of 80 milligram OxyContin pills, if any, that the defendant is responsible for.  Your decision regarding the number of pills, if any, that the defendant is responsible for must be unanimous.  If you are able to reach a unanimous agreement about the number of OxyContin pills the defendant is responsible for, you should write that amount in the space provided and go no further.

Below the space provided for you to write an exact number of pills are a series of quantity ranges in descending order.  If you are unable to reach a unanimous agreement about the exact number of OxyContin pills, if any, that the defendant is responsible for, you must then determine whether the government has proved beyond a reasonable doubt that the defendant is responsible for a quantity of pills that falls into one of the ranges set forth in the verdict form.  You should begin by considering the highest range.  If you agree unanimously that the defendant is responsible for a quantity of 80 milligram OxyContin pills that falls into the highest range, you should place a check mark in the space next to that range and go no further.  If you

are unable to agree unanimously that the defendant is responsible

for a quantity of 80 milligram OxyContin pills that falls into

the highest range, you should then consider whether the defendant

is responsible for a quantity of 80 milligram OxyContin pills

that falls into the next range.  You should continue in this

fashion until you reach a unanimous agreement about the

appropriate range.  If you are unable to agree unanimously that

the defendant is responsible for a quantity of 80 milligram

OxyContin pills that falls into any of the ranges provided, you

should leave this portion of the verdict form blank.  Remember

that the government must prove the number of OxyContin pills that

the defendant is responsible for beyond a reasonable doubt.

When you are considering whether to hold the defendant

responsible for a particular quantity of OxyContin pills, there

are two things you should consider.  First, If you find beyond a

reasonable doubt that the defendant himself distributed a

quantity of OxyContin pills, or that he aided, abetted,

counseled, commanded, induced, procured, or willfully caused the

distribution of a quantity of OxyContin pills, you should hold

the defendant responsible for that quantity of pills.

In addition, if you find beyond a reasonable doubt that one

or more of the defendant's coconspirators distributed a quantity

of OxyContin pills, that the distribution of those pills was in

furtherance and within the scope of criminal activity that the

defendant agreed to undertake with others, and that the

distribution of those pills was reasonably foreseeable to the defendant, you should hold the defendant responsible for that quantity of pills.

In this case, the government alleges that Mike Arco made multiple sales of OxyContin pills to Jonah Adelman over time, and that all of those sales were known or reasonably foreseeable to the defendant and were in furtherance and within the scope of criminal activity that the defendant agreed to undertake with others.  It is entirely up to you to decide whether any of those sales actually took place and, if so, whether they were reasonably foreseeable to the defendant and were in furtherance and within the scope of criminal activity that the defendant agreed to undertake with others.  If, but only if, you answer that question in the affirmative, you should hold the defendant accountable for the quantity of pills involved in those sales.  I again remind you that the government must prove the number of OxyContin pills that the defendant is responsible for beyond a reasonable doubt.