UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | 04-10372-WGY |
| | ) | |
| | ) | |
| GEORGE KANDIRAKIS | ) | |

DEFENDANT'S REQUEST FOR JURY INSTRUCTIONS

Pursuant to Fed.R.Crim.P. 30, defendant George Kandirakis requests the Court to inclu

the following instructions in its charge to the jury:

Kandirakis reserves the right to supplement or amend these requests.

Respectfully submitted
GEORGE KANDIRAKIS
By his Attorney,

Rosemary Curran Scapicchio
Four Longfellow Place
Suite 3703
Boston, MA 02114
(617) 263-7400
BBO# 558312

## DEFENDANT'S REQUEST FOR JURY INSTRUCTIONS[1]

### DEFENDANT'S REQUEST NUMBER 1

#### PRELIMINARY INSTRUCTIONS

**Nature of Indictment; Presumption of Innocence**

The United States government has brought this criminal case. I will sometimes refer to the government as the prosecution. The government is represented at this trial by an assistant Unite States attorneys, Nancy Rue and William Wienreb. The defendant, Mr. Kandirakis, is represented by his lawyer, Ms. Scapicchio.

Mr. Kandirakis has been charged by the government with violation of a federal law. He is charged with conspiracy to distribute oxycotin. The charge against Mr. Kandirakis is contained in the indictment. The indictment is simply the description of the charge against Mr. Kandiraki it is not evidence of anything.

The law in the United States of America presumes every defendant to be innocent of crime. Th presumption of innocence can be overcome only when the government by means of competent evidence satisfies its burden of convincing the jury beyond a reasonable doubt of the guilt of th defendant with respect to every element of the offenses with which he has been charged. This presumption of innocence remains with the defendant throughout the course of this trial.

#### Authority

United States v. Campbell, 874 F.2d 838, 842 (1989), (quoting from the charge of Judg Shane Devine).

---

[1] Modeled after the Pattern Criminal Jury Instructions for the District Courts of the First Circuit, 1998.

**Preliminary Statement of Elements of Crime**

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crime charged, each of which the government must prove beyond a reasonable doubt to make its case:

> *First*, that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to distribute oxycontin; and
>
> *Second*, that Mr. Kandirakis willfully joined in that agreement; [and
>
> *Third*, that one of the conspirators committed an overt act in an effort to further the purpose of the conspiracy.

You should understand, however, that what I have just given you is only a preliminary outline. At the end of the trial I will give you a final instruction on these matters. If there is any difference between what I just told you, and what I tell you in the instruction I give you at the end of the trial, the instructions given at the end of the trial govern.

**Evidence; Objections; Rulings; Bench Conferences**

I have mentioned the word evidence. Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either b

having a bench conference here while the jury is present in the courtroom, or by calling a reces

Please understand that while you are waiting, we are working. The purpose of these conference

is to decide how certain evidence is to be treated under the rules of evidence, and to avoid

confusion and error. We will, of course, do what we can to keep the number and length of these

conferences to a minimum.

Certain things are not evidence. I will list those things for you now:

(1) Statements, arguments, questions and comments by lawyers representing the parties in the

case are not evidence.

(2) Objections are not evidence. Lawyers have a duty to their client to object when they believe

something is improper under the rules of evidence. You should not be influenced by the

objection. If I sustain an objection, you must ignore the question or exhibit and must not try to

guess what the answer might have been or the exhibit might have contained. If I overrule the

objection, the evidence will be admitted, but do not give it special attention because of the

objection.

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must no

be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I

specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, you can use it only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms direct evidence and circumstantial evidence. Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more fac from which one can find or infer another fact. You may consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how muc weight to give to any evidence.

## Credibility of Witnesses

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

## DEFENDANT'S REQUEST NUMBER 2

### CERTAIN MATTERS OF EVIDENCE

**Impeachment by Prior Inconsistent Statement**

You have heard evidence that before testifying at this trial, a witness made a statement

concerning the same subject matter as his/her testimony in this trial. You may consider that

earlier statement to help you decide how much of the witness's testimony to believe. If you find

that the prior statement was not consistent with witness's testimony at this trial, then you should

decide whether that affects the believability of the witness's testimony at this trial.

**Weighing the Testimony of an Expert Witness**

You have heard testimony from persons described as experts. An expert witness has special

knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony. In weighing the testimony, you should consider the

factors that generally bear upon the credibility of a witness as well as the expert witness's

education and experience, the soundness of the reasons given for the opinion and all other

evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much

weight it should be given.

DEFENDANT'S REQUEST NUMBER 3

## GENERAL INSTRUCTIONS

**Presumption of Innocence; Proof Beyond a Reasonable Doubt**

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The government has the burden of proving every element of the charge against Mr. Kandirakis beyond a reasonable doubt. If it fails to do so, you must return a verdict of not guilty. This burden remains with the government throughout the entire trial and never shifts to the defendan even if he presents evidence.

The burden of proving the defendant guilty is upon the government. A defendant need not present any evidence for you to find him not guilty. The presumption of innocence alone is sufficient for you to conclude after careful and impartial consideration of all the evidence that Mr. Kandirakis is not guilty. The defendant before you, Mr. Kandirakis, has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless y are persuaded of his guilt of that charge beyond a reasonable doubt.

**Reasonable Doubt[2]**

The question naturally is what is reasonable doubt? The words almost define themselve It is doubt based upon reason and common sense. It is a doubt that a reasonable person has afte carefully weighing all of the evidence. It is a doubt, which would cause a reasonable person to

---

[2] Adapted from the charge of Judge Edward Weinfeld in United States v. Corr, 543 F.2d 1042 (2nd Cir. 1976).

hesitate to act in a matter of importance in his or her personal life.   Proof beyond a reasonable

doubt must, therefore, be proof of such a convincing character that a reasonable person would

not hesitate to rely and act upon it in the most important of his own affairs.

In a criminal case, the burden is at all times upon the government to prove guilt beyond a

reasonable doubt. The law does not require that the government prove guilt beyond all possible

doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the

defendants, which means that it is always the government's burden to prove beyond a reasonabl

doubt each element of the crime charged.  If, after fair and impartial consideration of all of the

evidence you have a reasonable doubt as to the defendant, you must acquit the defendant.

If your mind is wavering, unsettled, and unsatisfied because of your conscious

uncertainty about a defendant's guilt, you must return a verdict of not guilty.  Such uncertainty

means that there is a reasonable doubt remaining and you must acquit.

## Authority

Holland v. United States, 348 U.S. 121 (1954).

United States v. Olmstead, 832 F.2d 642 (1st Cir. 1987).

**Reasonable Doubt (continued)**

As I have said, the burden is upon the Government to prove beyond a reasonable doubt

that a defendant is guilty of the charge made against him. It is a strict and heavy burden, but it

does not mean that a defendant's guilt must be proved beyond all possible doubt. It does require

that the evidence exclude any reasonable doubt concerning a defendant's guilt.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence. Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of tl charge.

Of course, a defendant is never to be convicted on suspicion or conjecture. If, for example, you view the evidence in the case as reasonably permitting either of two conclusions one that a defendant is guilty as charged, the other that the defendant is not guilty you will find the defendant not guilty.

It is not sufficient for the Government to establish a probability, though a strong one, that a fact charged is more likely to be true than not true. That is not enough to meet the burden of proof beyond reasonable doubt. On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

Concluding my instructions on the burden, then, I instruct you that what the Government must do to meet its heavy burden is to establish the truth of each part of each offense charged by proc that convinces you and leaves you with no reasonable doubt, and thus satisfies you that you can consistently with your oath as jurors, base your verdict upon it. If you so find as to a particular charge against a defendant, you will return a verdict of guilty on that charge. If, on the other hand, you think there is a reasonable doubt about whether the defendant is guilty of a particular offense, you must give the defendant the benefit of the doubt and find the defendant not guilty o that offense.

Authority

United States v. Cleveland, 106 F.3d 1056, 1062-63 (1st Cir. 1997).

## Defendant's Constitutional Right Not to Testify

Mr. Kandirakis has a constitutional right not to testify and no inference of guilt, or of anything

else, may be drawn from the fact that Mr. Kandirakis did not testify. For any of you to draw suc

an inference would be wrong; indeed, it would be a violation of your oath as a juror.

## Comment

An instruction like this must be given if it is requested. See Carter v. Kentucky, 450 U.S. 288,
299-303 (1981); Bruno v. United States, 308 U.S. 287, 293-94 (1939). See also United States v.
Ladd, 877 F.2d 1083, 1089 (1st Cir. 1989) ( We do not, however, read Carter as requiring any
exact wording for such an instruction. ). It must contain the statement that no adverse inference
may be drawn from the fact that the defendant did not testify, or that it cannot be considered in
arriving at a verdict. See United States v. Brand, 80 F.3d 560, 567 (1st Cir. 1996), cert. denied,
117 S. Ct. 737 (1997). It is not reversible error to give the instruction even over the defendant's
objection. See Lakeside v. Oregon, 435 U.S. 333, 340-41 (1978). However, [i]t may be wise for
a trial judge not to give such a cautionary instruction over a defendant's objection. Id. at 340.

## What Is Evidence; Inferences

The evidence from which you are to decide what the facts are consists of sworn testimony of

witnesses, both on direct and cross-examination, regardless of who called the witness; the

exhibits that have been received into evidence; and any facts to which the lawyers have agreed

stipulated. A stipulation means simply that the government and the defendant accept the truth of

a particular proposition or fact. Since there is no disagreement, there is no need for evidence

apart from the stipulation. You must accept the stipulation as fact even though nothing more wa said about it one way or the other.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesse testify. You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

## Kinds of Evidence: Direct and Circumstantial

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial eviden is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, which another fact exists, even though it has not been proven direct You are entitled to consider both kinds of evidence. The law permits you to give equal weight 1 both, but it is for you to decide how much weight to give to any evidence.

## Cautionary and Limiting Instructions as to Particular Kinds of Evidence

A particular item of evidence is sometimes received for a limited purpose only. That is, you ca use it only for one particular purpose, and not for any other purpose. I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

DEFENDANT'S REQUEST NUMBER 4

## DELIBERATIONS AND VERDICT

### Foreperson's Role; Unanimity

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so. You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court. Your verdict must be unanimous.

### Consideration of Evidence

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be that is entirely for you to decide.

### Reaching Agreement

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

### Return of Verdict Form

I want to read to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form

that has been given to you, sign and date it, and advise the jury officer outside your door that yc

are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as

directed in open court.

## Communication with the Court

If it becomes necessary during your deliberations to communicate with me, you may send a not

through the jury officer signed by your foreperson or by one or more members of the jury. No

member of the jury should ever attempt to communicate with me on anything concerning the

case except by a signed writing, and I will communicate with any member of the jury on

anything concerning the case only in writing, or orally here in open court. If you send out a

question, I will consult with the parties as promptly as possible before answering it, which may

take some time. You may continue with your deliberations while waiting for the answer to any

question. Remember that you are not to tell anyone including me how the jury stands,

numerically or otherwise, until after you have reached a unanimous verdict or have been

discharged.

## Comment

(1) Although Rogers v. United States, 422 U.S. 35, 39 (1975), could be read as requiring any
response to a deliberating jury's questions to occur orally in open court in the defendant's
presence, the First Circuit seems to permit a written response, so long as the lawyers are shown
the jury's note and have the opportunity to comment on the judge's proposed response. See, e.g
United States v. Maraj, 947 F.2d 520, 525-26 (1st Cir. 1991).

(2) [I]t is always best for the trial judge not to know the extent and nature of a division among
the jurors and to instruct the jury not to reveal that information. . . ., if the jury does volunteer it

division, the court may rely and act upon it.' <u>United States v. Rengifo</u>, 789 F.2d 975, 985 (1st Cir. 1986) (quoting <u>United States v. Hotz</u>, 620 F.2d 5, 7 (1st Cir. 1980))

## DEFENDANT'S REQUEST NUMBER 6

### Final Instructions

Mr. Kandirakis is accused of conspiracy to distribute oxycontin.

For you to find Mr. Kandirakis guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

*First*, that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to distribute oxycontin; and

*Second*, that Mr. Kandirakis willfully joined in that agreement; [and

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all th details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed commor aims and interests does not necessarily establish proof of the existence of a conspiracy, but yo may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent tha the underlying crime be committed--that is to say, with bad purpose, either to disobey or disregard the law--not to act by ignorance, accident or mistake. The government must prove two types of intent beyond a reasonable doubt before Mr. Kandirakis can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, tha the underlying crime be committed. Mere presence at the scene of a crime is not alone enough but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that Mr. Kandirakis willfully joined in the agreement must be based upon evidence [of]

his/her own words and/or actions. A person who has no knowledge of a conspiracy, but simpl[y]

happens to act in a way that furthers some object or purpose of the conspiracy, does not there[by]

become a conspirator.

## Comment

(1) This charge is based largely upon *United States v. Rivera-Santiago*, 872 F.2d 1073, 1078-80 (1st Cir.), *cert. denied*, 492 U.S. 910 (1989), as modified by *United States v. Piper*, 3[5] F.3d 611, 614-15 (1st Cir. 1994), *cert. denied*, 513 U.S. 1158, 115 S. Ct. 1118 (1995). *See also United States v. Boylan*, 898 F.2d 230, 241-43 (1st Cir.), *cert. denied*, 498 U.S. 849 (1990); *Blumenthal v. United States*, 332 U.S. 539, 557 (1947).

(2) The third element (overt act) is not required in a drug conspiracy under 21 U.S.C. § 846. *See United States v. Shabani*, 513 U.S. 10, 115 S. Ct. 382, 383 (1994). For discussion of overt acts see *United States v. Flaherty*, 668 F.2d 566, 580 n.4 (1st Cir. 1981).

(3) The government does not have to prove that the defendant intended to commit the underlying offense himself/herself. *See Piper*, 35 F.3d at 614-15. There must be proof, however, that a second conspirator with criminal intent existed. *See United States v. Alzanki*, 5[4] F.3d 994, 1003 (1st Cir. 1995), *cert. denied*, 116 S. Ct. 909 (1996).

(4) "Whether there is a single conspiracy, multiple conspiracies, or no conspiracy at all is ordinarily a factual matter for the jury to determine." *United States v. Mena-Robles*, 4 F.3d 1026, 1033 (1st Cir. 1993), *cert. denied*, 511 U.S. 1035 (1994). A multiple conspiracy instruction should be provided if "'on the evidence adduced at trial, a reasonable jury could fin[d] more than one such illicit agreement, or could find an agreement different from the one charged.'" *United States v. Brandon*, 17 F.3d 409, 449 (1st Cir.) (quoting *Boylan*, 898 F.2d at 243), *cert. denied*, 513 U.S. 820 (1994).

(5) The definition of "willfully" comes from *United States v. Monteiro*, 871 F.2d 204, 208-09 (1st Cir.), *cert. denied*, 493 U.S. 833 (1989). For alternate definitions see *United States v. Porter*, 764 F.2d 1, 17 (1st Cir. 1985), *cert. denied*, 481 U.S. 1048 (1987), and *United States v. Drape*, 668 F.2d 22, 26 (1st Cir. 1992). Specific intent is preferred. *See United States v. Jersky*, 994 F.2d 885, 899 (1st Cir. 1993).

(6) Impossibility is not a defense. *See United States v. Giry*, 818 F.2d 120, 126 (1st Cir.), *cert. denied*, 484 U.S. 855 (1987).

(7) A conspiracy to defraud the IRS may present unique problems of "purpose" or "knowledge." *United States v. Goldberg*, 105 F.3d 770, 774 (1st Cir. 1997).

(8) Note that some substantive offenses contain their own conspiracy prohibitions. *See, e.g.*, 18 U.S.C. § 1201(c) (kidnapping) (overt act required); 18 U.S.C. § 1951(a) (Hobbs Act) (no overt act required).

(9) Withdrawal is not an affirmative defense if the conspiratorial agreement has already been made. *See United States v. Rogers*, 102 F.3d 641, 644 (1st Cir. 1996).

## Request    1  —  Charge to be considered as a whole

These instructions are to be considered as a whole.  Some instructions can only be understood by referring to terms defined or discussed in other parts of the charge.  You should not single out particular statements to rely on if to do so wou require disregarding other principles stated elsewhere in the charge.  The requirement of proof beyond reasonable doubt, for each element of each offense, as to each accused, is never diminished by any other instruction.[3]

---

[3]Judges often tell the jury that they should not single out any particular portion of the charge. However, a juror who has a reasonable doubt, and focuses on that instruction is completely entitled to rely entirely on that principle.  From this we conclude that a better statement of the rule would be that the jury can rely on a single principle, as long as that is not inconsistent with some other principle in the charge, and that no other principle they might feel they glean from the charge diminishes the reasonable doubt standard.

## Request   2 — Circumstantial Evidence

[To be given in conjunction with any instruction on circumstantial evidence]

Circumstantial evidence from which an inference of guilt is to be drawn must be established by direct evidence and not itself rest upon inferences from other facts. The logic by which the jury draws a conclusion from circumstantial evidence must be clear and compelling. The conclusion must flow reasonably and naturally from the facts proven by direct evidence.

Where more than one inference may logically flow from the circumstantial evidence, the jury must remember that each element of the offense must be established not just as a logical probability, but beyond a reasonable doubt. [4] If th evidence supports an inference of guilt and an inference of innocence, the jury must give the defendant the benefit of the doubt.[5]

---

[4] See, Modern Federal Jury Instructions, ¶5.01, p. 5-8 and n.5.

[5]. "It would not satisfy the Sixth Amendment to have a jury determine that the defendant is *probably* guilty ...." *Id.* (emphasis in original); *see also* Jon O. Newman, *Beyond "Reasonable Doubt,"* 68 N.Y.U. L.Rev. 979, 989-90 (1993).

*United States v. Glenn*, 312 F.3d 58, 64 (2nd Cir. 2002) (Reversing conviction where there was "nearly equal circumstantial support" for guilt and innocence, 312 F.3d 58, 70).

## Request   3 — "Weight and "Credibility" distinguished

I have referred to the two separate decisions that the jury must make in evaluating witnesses: "Credibility" and "weight." When you decide whether you believe what a witness says, you decide "credibility." When you decide how mu to allow that evidence to affect your decision on any issue, you decide the "weigh to give to the testimony.[6]

---

[6] While references are often made to "weight" and "credibility," the jury deserves some explanation of what we mean by them, since the distinction is neither intuitive nor one in common experience. No jury instruction treatise deals with this.

## Request   4 — Credibility - Falsis in Uno, etc.

If you find a witness to have testified falsely concerning any material fact, you have a right to disregard that witness' entire testimony. You may reject all the testimony of that witness or only such part as you believe not worthy of consideration, and give whatever weight or credibility to the remainder of the testimony as you think it deserves.[7]

_____

[7]*See* Charges to the Jury in a Criminal Case, §6:34 "Willfully Giving False Testimony" (Rev. Ed. 1988); *Kane v. United States*, 431 F.2d 172, 176 (8th Cir. 1970)

## Request   5 — Witness Credibility- prior statements

Ordinarily a prior inconsistent statement is not to be considered as affirmative evidence that the inconsistent statement is true. It is the inconsistency with a  prior statement itself that may give reason to doubt the truth of what the witness says in court.

However, some prior statements used to challenge a witness may also be considered by the jury as tending to establish the truth of what was said in the earlier statement. This would include prior sworn testimony; it would include any statement which has otherwise been admitted into evidence. These are not "hearsay" and may be considered just as any other evidence. [s]

On the other hand, a witness who has previously made statements may feel pressure to say the same things in their testimony in court. For example they coul fear that the government could charge them with a crime if they were to say something different in court than they told to investigators. Or they might simply fear embarrassment from testifying to something different in court, even if it is the truth. Thus, for such a witness, the circumstances under which their original statement was made are important in deciding the credibility or weight to give to their testimony in court.

---

[s] It is necessary to instruct the jury that some inconsistent statements cannot only impeach, but can be considered affirmatively for any proposition that they support, like prior sworn statements, and any other non-hearsay statements as well as statements which fall under an exception to the rule against hearsay.

## Request   6  —  Immunity from Prosecution'

In order to obtain the testimony of a person who is otherwise unwilling to
testify, the United States Attorney may grant a witness immunity from prosecutio
The United States Attorney granted such immunity with respect to the witness

_____

This means that this [these]  person[s] testified knowing that [he she they]
could not be prosecuted for any crimes related to matters about which [he she the
gave testimony.  This fact should be considered by you in evaluating the weight to
be given to this testimony.

_____

'*See* Devitt & Blackmar, Federal Jury Practice & Instructions (4th Ed. 1992) §15.03 "Credibilit
of Witness-Immunized Witness."

## Request   7 — Cooperating Witness

We have had testimony from what are sometimes called a "cooperating witness." A "cooperating witness" is someone who provides testimony for the government in exchange for some benefit, such as money, lenient treatment or to avoid being prosecuted themselves.

The testimony of a "cooperating witness" must be examined and weighed I the jury with greater care than the testimony of an ordinary witness. The desire to avoid prosecution, or imprisonment can provide powerful motivation for a person to lie or avoid the truth.

_____ were cooperating witnesses.

The jury must determine whether the "cooperating witness" testimony has been affected by self-interest or by the agreement he has with the government, or by prejudice against the defendant.[10]

---

[10]*See* Devitt and Blackmar, Federal Jury Practice and Instructions (4th Ed. 1992) §15.02; *On Lec v. United States,* 343 U.S. 747, 757 (1952).

## Request    8 — Credibility of Witnesses- General

You will recall that I instructed you that it is the jury and the jury alone which decides all issues of fact, which involves also passing on the credibility of witnesses. How do you determine whether a witness is telling the truth? You us your ordinary common sense which you by no means are supposed to leave behir you when you come here to this courtroom and when you return to the jury room As practical men and women, you may draw upon your experience in meeting an dealing with people in your everyday business and social life.

The degree of credit to be given a witness should be determined by their demeanor on the witness stand, their relationship to the controversy and to the parties, their bias or impartiality, the reasonableness of their statements, the strength or weaknesses of their recollection viewed in light of all other testimony and all the circumstances in the case.

In passing upon the credibility of a witness, you may also take into account inconsistencies and contradictions as to material matters in his or her own testimony, or any conflict with that of another witness. Also any omissions in prior testimony or any prior statement of material matters to which he or she has testified upon the trial. In other words, if you find in other proceedings a witness testifying under oath, for instance before a grand jury, testified differently than he or she testified here, you may consider that fact in judging his or her credibility ar in deciding whether they have testified truthfully here.

On the basis of common sense and everyday experience you determine whether or not to believe the witness and to what extent you believe him or her.

## Request  9 — Credibility & Interest of Witnesses

The interest or lack of interest of the witness in the outcome of the trial and what he is likely to gain or lose by it, any bias or prejudice it may appear to you that he shows, his age, appearance, apparent general understanding and his mann of expression in giving his testimony, the opportunity he or she had to observe things about which he or she has testified, the probability or improbability of wha he or she has said, in light of other evidence -- all these things and others must be considered by you when you evaluate a witness' testimony.

You may consider the motive a witness may have to help himself. For instance, if you find that some witnesses testified the way they did in order to avoid their own criminal responsibility, then you may find their testimony unbelievable and disregard all or that part of the testimony which is influenced by that motive.

## Request   10 — Promise to Witness by Prosecutor

In order to obtain the testimony of a witness the United States Attorney ma promise to the witness. Such promises may include leniency or some other benef in regard to the witness' pending prosecution or sentencing or complete immunity from prosecution.

The United States Attorney has made such promises of seeking leniency from the court in sentencing to the witness Jonah Adleman who testified that he was aware of the promise and hoped for such benefits prior to testifying.

The United States Attorney has made such promises of seeking leniency from the court in sentencing to the witness Jonah Adleman who testified that he was aware of the promises and hoped for such benefits prior to testifying.

The United States Attorney has made such promises complete immunity from prosecution to the witness Jonah Adleman who testified that he was aware c the promises and hoped for such benefits prior to testifying.

The United States Attorney has made such promises complete immunity from prosecution as to certain crimes to the witness Jonah Adleman who testified that he was aware of the promises and hoped for such benefits prior to testifying.

You may consider these facts in evaluating the credibility and weight to be attached to testimony of these witnesses.

## Request   11 — Law Enforcement Testimony[1]

Law enforcement officers have testified in this case. This would include Agent Tomesetta and Agent Brackett. You must determine the credibility of government officials in the same way and by the same standards as you would evaluate the testimony of any ordinary witness. People in official positions are n presumed to be more truthful or less truthful than those in the ordinary walks of life. Such witnesses should not be assumed to be more or less credible than anyone else.

The credibility or weigh you give to an official's testimony must depend upon how truthful you judge him or her to be after you have heard the testimony and formed you own conclusions as to its believability.

In determining the credibility of an officer you will apply those same tests that you would apply to the testimony of any witness. Some of these questions ai Has the officer a motive to lie? Has he a personal or professional interest in the outcome of the case? Has the official approached the case with a presumption of guilt, or with mistaken ideas about the facts or parties which clouded his or her objectivity or judgment? What was his or her conduct on the witness stand? Was his or her testimony inherently credible?

It is entirely proper for defense counsel to attack or question the credibility of an official involved in the investigation of a case who testifies at trial.

---

[1]In part from Charges to Jury in a Criminal Case §6:17 "Police Officers and other Officials."

## Request   12 — Credibility-Favorable Treatment

In judging the credibility of any witness, you may consider whether his testimony was inspired by self-interest, or a motive to obtain some personal advantage which would be easier to obtain if he gave false or exaggerated testimony against a defendant. You must consider whether the testimony of such person was a fabrication induced by a belief or a hope or an expectation that he will receive favorable consideration, such as not being indicted or charged with tl offense himself or excusing himself from the offense.[12]

## Request   13 — What is a conspiracy?

A conspiracy is a kind of criminal partnership. It is a combination or agreement of two or more persons to join together to commit specified unlawful acts.

---

[12]*See United States v. Cohen*, 69 Cr 55, Honorable Inzer B. Wyatt.

## Request    14  —  What is *not* a conspiracy

A conspiracy is not simply a group of people acting together in such a way that crimes are committed. A conspiracy lies in the *agreement* to commit crimes

Joint or parallel activity by more than one person committing a crime does not itself establish a conspiracy. This is so even where one can say that all the actors agree concerning an ultimate goal.[13] It is not permitted for the jury to substitute a belief in group responsibility for a criminal act with finding of individual guilt of conspiracy.[14]

---

[13]A number of actors can agree on the *result* that the dictator should be assassinated, but this would not establish a conspiracy in the absence of an agreement *among them* to effectuate that result.

[14]*E.g. United States v. Parker*, 839 F.2d 1473 (11th Cir. 1988) (insufficient that "all alleged coconspirators directed their efforts toward the accomplishment of a single goal or common purpose," quoting *United States v. Elam*, 678 F.2d 1234, 1245 (5th Cir. 1982); *United States v. Bufalino*, 285 F.2d 408 (2nd Cir. 1960) (cannot infer a conspiracy from parallel conduct aimed a the same end). It is "improper to permit the jury to substitute a feeling of collective culpability for a finding of individual guilt." *Id.* at 417; *United States v. Swiderski*, 548 F.2d 445 (2nd Cir. 1977) (joint purchase by defendant and his fiancee not enough to infer they intended to transfer *United States v. Glinton*, 154 F.3d 1245 (11th Cir. 1998) (multiple buyers are not implicated in conspiracy with each other); *United States v. Ross*, 58 F.3d 154 (5th Cir. 1995) (simultaneous purchase of cocaine base from two individuals did not suggest a conspiracy among the sellers, even where they accepted large bills and were to make change amongst themselves).

Request    15 — Conspiracy: Elements[1]

In order to sustain its burden of proof on Count I, the Government must present evidence which establishes, beyond a reasonable doubt, each of the following seven elements:

---

[1]*See* Devitt & Blackmar, Federal Jury Practice and Instructions (4th Ed. 1992), §48.09 "The Nature of the Offense Charged," and §48.10 "The Essential elements of the Offense Charged."

| | |
|---|---|
| 1F | , There must be an agreement[16] |
| 2F | , More than one person must agree |
| 3F | , The agreement must be to do the unlawful acts charged[17] |
| 4F | , The government must prove that the defendant acted knowingly in entering  into the agreement |
| 5F | , The government must prove that the defendant acted intentionally in  entering into the agreement |
| 6F | , The government must prove that the defendants acted willfu: in entering into the agreement. |

---

[16]Because the jury can have doubts about not only about the defendant's agreement, but also the *mutuality* of an agreement (as in the case of another person pretending to agree or an undercove agent), the existence of an agreement, *at all*, and the existence of an agreement between two eligible conspirators, are separate elements. They cannot be compressed without implicitly suggesting that one of the two aspects of a conspiracy agreement has been met.

[17]The existence of an agreement, and the determination of what the object of the agreement was and its lawfulness, are clearly two separate steps. For example, defendants could agree to do something that they believe is unlawful which in fact is not unlawful. The agreement would exist, but the next element would not be satisfied. Since these are two separate inquiries, each o which might be answered independently in the negative, the existence of an agreement, and the unlawfulness of its purpose, are necessarily two separate elements.

## Request   16 — Conspiracy: First Element - There must be an agreement

First, the government must prove that the particular agreement charged in this case existed.

A charge of conspiracy requires that there be what is called a "meeting of the minds." [18] That is, the accused must agree to the exact agreement charged in the indictment. If one defendant agrees to something different than what other alleged conspirator agrees to, then there is no "meeting of the minds" as to that defendant.

The gist of the offense remains the agreement, and it is therefore essential to determine what kind of agreement or understanding existed as to each defendant. [19]

In order for the government to satisfy this element, the government need not show that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated in words or writing what the agreement was, or its specific purpose, or every precise detail of the agreement or to every specific means by which its object or purpose was to be accomplished. What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish the unlawful acts charged in the indictment.

Knowledge of a conspiracy, or association with conspirators is not an agreement to become a member of a conspiracy. Even approval of a conspiracy, and acquiescence in a conspiracy, or actual assistance[20] to a

---

[18]See *Krulewitch v. United States*, 336 U.S. 440, 448 (1949), (noting that conspiracy consists of a "meeting of the minds and intent." *See also Sears v . United States*, 343 F.2d 139, 142 (5th Cir.1965), (explaining that there can be no conspiracy where a government informer "secretly plans to frustrate the conspiracy." *See generally United States v. Escobar de Bright*, 742 F.2d 1196 (9th Cir. 1984), (discussing the requirements of conspiracy).

[19]*United States v. Borelli*, 336 F.2d 376, 384 (2nd Cir. 1964) Often the following is included in this instruction: "Although it is usual and often necessary in conspiracy cases for the agreement to be proved by inference from acts . . ." This form of background is not needed to give the jury the rules, and conveys a subliminal message that the prosecution has a difficult job proving a conspiracy. Thus we object to such language.

[20]In *United States v. Tyler*, 758 F.2d 66 (2nd Cir. 1985) the Court drew the distinction between aiding and abetting and conspiracy.

conspiracy does not establish membership in a conspiracy. Membership in a conspiracy requires that the defendant have some stake in the success of the conspiracy; on the other hand having a stake in, or deriving some benefit from the conspiracy does not establish membership in it.[21]

For instance, the mere fact that A, B and C commit a crime together does not establish that a conspiracy existed. So even if you agree that a crime took place, and all three persons were involved in the crime, that alone is not enough to find a conspiracy.

---

> In sum, even viewing the evidence in the light most favorable to the government, the evidence shows no more than that Tyler helped a willing buyer find a willing seller. Under the law of this Circuit, such evidence is insufficient to prove the existence of a conspiratorial agreement between Tyler and the seller.

As to the §2 liability, less is required:

> Contrary to Tyler's assertion, there is no requirement that the government prove that a defendant charged with aiding and abetting had a stake in the outcome of the illegal venture. . . . [T]here is no requirement that the government prove that a defendant charged with aiding and abetting had a stake in the outcome of the illegal venture. . . . .
>
> Finally, we note that there is nothing inconsistent in our determination that the evidence was insufficient with respect to the conspiracy count but sufficient with respect to the aiding and abetting count. The two offenses are separate and distinct.
>
>> The essence of conspiracy is proof of a conspiratorial agreement while aiding and abetting requires there be a "community of unlawful intent" between the aider and abettor and the principal. While a community of unlawful intent is similar to an agreement, it is not the same. Thus, a defendant may wittingly aid a criminal act and be liable as an aider and abettor ... but not be liable for conspiracy, which requires knowledge of and voluntary participation in an agreement to do an illegal act.

See also *United States v. LaTorre*, 922 F.2d 1 (1st Cir.1991), *approving a charge to the jury that "in order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome."*

[21]    *United States v. Panzanella,* 416 F.Supp. 68, 71 (6th Cir. 1974), (explaining that approval, or acquiescence "without an intention and agreement to cooperate in the crime," does not result in one being a conspirator.) *Tyler*, n. makes it clear that one significant difference between "aiding and abetting" and membership in a conspiracy, is that, in the former, one need not have a stake in the venture.

## Request   17 — Conspiracy: Second element – More than one person must agree

As a second element, the government must prove that the conspiracy agreement existed between two or more persons.  Two persons must agree in the conspiracy charged or there is no conspiracy.

If an accused agrees with only one other person and that person only pretends to agree, there is no conspiracy. [22]

---

[22]*See United States v. Rosenblatt*, 554 F.2d 36 (2nd Cir. 1977 ; *United States v. Bicaksiz*, 194 F.3d 390 (2nd Cir. 1999)

## Request   18 — Conspiracy: Third Element – The agreement must be to do the unlawful acts charged

The government must also prove beyond a reasonable doubt the existence of the very agreement specified in the conspiracy count of the indictment. The government must therefore prove that the agreement was that Kandirakis and another agreed to distribute oxycotin.[23]

---

[23]"Although the government need not prove commission of the substantive offense or even that the conspirators knew all the details of the conspiracy, *United States v. Rosa,* 17 F.3d 1531, 1543 (2d Cir.), *cert. denied,* 513 U.S. 879, 115 S.Ct. 211, 130 L.Ed.2d 140 (1994), it must prove that "the intended future conduct they ... agreed upon include[s] all the elements of the substantive crime." *United States v. Rose,* 590 F.2d 232, 235 (7th Cir.1978), *cert. denied,* 442 U.S. 929, 99 S.Ct. 2859, 61 L.Ed.2d 297 (1979)." *United States v. Pinckney,* 85 F.3d 4, 8 (2d Cir. 1996). In *United States v. Schwarz,* 283 F.3d 76, 110 (2d Cir. 2002) the Second Circuit reversed a conviction where the agreement to the specific object of the conspiracy was not proven:

> While there may have been sufficient evidence to support appellants' convictions for conspiracy to engage in conduct violative of other federal statutes, such as 18 U.S.C. § 1001 (prohibiting giving materially false statements to federal officials), appellants were not charged with participating in such a conspiracy--they were charged with conspiracy to violate 18 U.S.C. § 1503. The government failed to prove the charged conspiracy beyond a reasonable doubt.

In *Schwarz,* the Second Circuit relied heavily on the rationale set forth by the Supreme Court in *Aguilar v. United States,* 515 U.S. 593 (1995). In *Schwarz,* the government had argued that *Aguilar* was inapposite because that case involved a substantive offense, whereas in *Schwarz,* "only a conspiracy was charged so that the government was not obligated to prove that the conduct at issue violated § 1503." *Schwarz,* 283 F.3d at 108. The court rejected that argument, noting that "to prove a conspiracy, the government must show that the defendants 'knowingly engaged in the conspiracy with the specific intent to commit the offense[ ] that [was] the object[ ] of the conspiracy.' *United States v. Samaria,* 239 F.3d 228, 234 (2d Cir.2001); *see also Vaghela,* 169 F.3d at 732 (11th Cir.1999) ('To be guilty of conspiracy ... parties must have agreed to commit an act that is itself illegal.... [T]he government must therefore show that the defendant, in concert with ... others, agreed to commit acts that would violate 18 U.S.C. § 1503'); *United States v. Bufalino,* 285 F.2d 408, 416 (2d Cir.1960)." *Schwarz,* 283 F.3d at 108.

*United States v. Downing,* 297 F.3d 52 (2d Cir. 2002), involved two defendant who were convicted of conspiracy to commit securities fraud and wire fraud. In affirming the defendants' convictions, the Second Circuit began by restating the general rules of conspiracy, including: "(2) [that] the defendant knowingly participated in the conspiracy with the specific intent to commit the offenses that were the objects of the conspiracy"

Request  19 — Conspiracy: Fourth Element – The government must prove that the defendant acted knowingly in entering an agreement

The government must prove that the defendant acted knowingly in participating in any alleged conspiracy. . The government must prove that the defendant under consideration knew the purposes of the conspiracy, and the nature of the means to be used by members of the conspiracy, and that he knew that his conduct was not authorized by law.[24]

The evidence need not prove directly that the defendant was fully informed as to all the details of the conspiracy. A defendant you are considering need not have known the identities of each and every other member, nor need he have been apprised of all of their activities. But he must have known of the existence of others and the scope of their intended activities before it can be said that he "knowingly" became a member of the conspiracy.[25] What identifies the "conspiracy" but its scope and purpose and

---

[24]      On the scope of "knowingly," see fn. and , *supra*. In one case the Second Circuit reversed a conspiracy conviction because the proof was not sufficient to establish the defendant's knowledge and agreement that vehicle parts would be entering interstate commerce. *United States v. Pinckney*, 85 F.3d 4 (2d Cir. 1996)

[25]      This is a modification of Instruction 9-6 and the Government's Request  36. It emphasizes the fact that knowledge may be inferred, and that it does not have to reach all the details. But it also balances that with a reminder that the agreement of the accused must be congruent with any agreement he is supposed to have joined—he cannot be said to have *agreed* if he is not aware of the objects and means of the agreement . This is the thrust of the Third Element, after all, and see especially note , *ante*.

To say that the defendant has to be aware of "some of the basic aims" of the conspiracy, as is sometimes done, trivializes this requirement, and could hardly stand alone if the balance of the charges did not more forcefully demonstrate the requirement that the accused understood the purposes of the conspiracy, as expressed in the object crimes. *E.g. United Staes v. Yousef*, 327 F.3d 56, 159 (2003)(Jury specifically charged that the defendant had to know the purpose of carrying a bomb was to blow up the World Trade Center); *United States v. LaTorre*, 922 F.2d 1 (1st Cir.1991) (Trial judge garbled an instruction regarding specific knowledge: "Did a defendant participate in it with knowledge of *his* unlawful purpose and with the specific intention of furthering *his* business or objective" [Using "his" instead of "its"] but "jury was properly instructed on the factors necessary for a finding that . . . Ferras, participated in a conspiracy to hijack a tractor-trailer load of Atari cassettes.").

In another terrorism case the idea of "basic aims" was *equated with* the charged conspiracy objectives:

membership? "There has been a tendency in such cases 'to deal with the crime of conspiracy as though it were a group (of men) rather than an act' of agreement." *United States v. Borelli*, 336 F.2d 376, 384 (2nd Cir. 1964) It cannot be the case, for example, that a defendant who participated in the conspiracy charged here only with knowledge and intent only related to the "false books and records" object ought to be liable on that account for the whole conspiracy. And in our case, there is a very real basis to conclude, within the context of the lawful corporate structure and activities, that any one of the defendant's might be a "conspirator" only as to one or two of the object offenses, and in no way should, on that account, be convicted of a conspiracy including five objects.    He must have agreed to the objects of any conspiracy found to exist.[26]

Knowledge, like other facts to be determined, can also be inferred from other directly proven facts, using the rules for *circumstantial* evidence which I have explained already.[27]

---

Rather, the court instructed that to convict Ajaj of conspiracy, "[w]hat is necessary is the defendant must have participated with knowledge of at least some of the basic aims and purposes of the conspiracy and with the intention of aiding in and accomplishing those unlawful ends."  *By accurately describing the essence of the underlying conspiratorial objectives as set forth in the indictment*, the court guarded against the possibility that Ajaj would be convicted of merely entering into "a general agreement to engage in unspecified criminal conduct." *United States v. Rosenblatt*, 554 F.2d 36, 39 (2d Cir.1977)

*United States v. Salame*, 152 F.3d 88, 148 (2nd Cir. 1998) (*emphasis added*)

[26]    "The law of conspiracy requires agreement as to the "object" of the conspiracy." *United States v. Rosenblatt*, 554 F.2d 36 (2nd Cir. 1977).

To convict a defendant as a member of a conspiracy, the government must prove that the defendant "agree[d] on the essential nature of the plan." Gleason, 616 F.2d at 16 (citation and internal quotation marks omitted). To identify the "essential nature of the plan," we focus on the "essence of the underlying illegal objective[s]," and the "kind of criminal conduct ... in fact contemplated," Stavroulakis, 952 F.2d at 690 (citations omitted). See also Rosenblatt, 554 F.2d at 39.  The government must prove that the defendant agreed "to commit a particular offense and not merely a vague agreement to do something wrong." *Provenzano*, 615 F.2d at 44 (emphasis added; citation and internal quotation marks omitted).

*United States v. Salame*, 152 F.3d 88, 151 (2nd Cir. 1998) *Proof is not required that the defendant had knowledge of all the details of the conspiracy; the defendant need only have knowledge of the essential objective of the conspiracy." United States v. Alvarez*, 625 F.2d 1196, 1198 (5th Cir. 1980) (en banc), *cert. denied*, 451 U.S. 938, 101 S.Ct. 2017, 68 L.Ed.2d 324 (1981); *United States v. Tamargo*, 672 F.2d 887 (11th Cir. 1982). See also n. , *ante*.

[27]    See n. , *supra*.

Furthermore, the defendant you are considering need not have joined in all of the conspiracy's unlawful activities.[28] The extent of a defendant's participation has no bearing on the issue of a defendant's guilt. A conspirator's liability is not measured by the extent or duration of his participation. Indeed, each member may perform separate and distinct acts and may perform them at different times. Some conspirators may play major roles, while others play minor roles in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

However, the government cannot satisfy this element—the knowledge element of conspiracy—unless you have concluded, beyond a reasonable doubt, that the defendant you are considering knew that he was agreeing to participate in the commission of the unlawful objects alleged in the indictment.

---

[28]From charge in *United States v. Pigniatello*, 96-Cr. 1032 (SDNY,Sand, J.) July 14, 1999, p. 1566) The word "activities" is substituted for the word "objectives" in order to avoid suggesting that the defendant need not be aware of and agree to all the objects of the conspiracy.

Request  20 — Conspiracy: Fifth Element – The government
must prove that the defendant intended that all of the objects of
the conspiracy be committed.

The government must prove that, in entering the agreement, the
defendant under consideration specifically *intended* to bring about the object
of any conspiracy that is proven to exist.[29]    While this instruction does not take
the position that the agreement proven may not vary from that charge (principally in
proving fewer objects than alleged), it does take the position that the "meeting of the
minds" requirement compels an instruction that, if the scope of the defendant's
agreement is less than that of the proven conspiracy – as to the object crimes, not the
"details" concerning the participants or the means or over acts – then there is no
"agreement" as to *that defendant*.

---

[29]    See n. and , *ante*, for the cases demonstrating that the intent of the accused must
extend to each substantive offense that is the object of the conspiracy. This doctrine
requires the conclusion that a defendant whose agreement with the conspiracy objects is
only *partial* is not a co-conspirator. Such partial agreement is not necessarily a
"multiple" conspiracy, since there may be no other corresponding "coconspirator" who
has a similarly limited scope of agreement.

## Request   21  —  Conspiracy: Sixth Element – The government must prove that the defendant acted willfully

The government must also prove that the defendant you are considering acted willfully in joining the conspiracy. An act is done willfully if done with a bad or evil purpose to do what the law forbids.[30]   An instruction on willfully should not define it in terms of knowingly, as is often done.. This invites the same criticism leveled against defining knowingly as intentionally (and compounding the problem if three elements are defined using each other's terms).  A willful act is not something which is accidental, careless or negligent.

The word "willfully" is also means a thing done without a ground for believing that it is lawful.[31]  "A defendant's conduct is not willful (if) it was the result of a good faith understanding that he was acting within the requirements of the law." [32]

A defendant is under no burden to prove his good faith; rather, the prosecution must prove bad faith beyond a reasonable doubt.

---

[30]The charge in *United States v. Pigniatello*, 96-Cr. 1032 (SDNY, Sand, J.) July 14, 1999, p. 1566) was: "An act is done willfully if done with a bad purpose or evil intent, and with the specific intent to do what the law forbids." This has been reformulated here to remove the language of "intent" in order to conform to the rule that one element should not be defined in terms of another. See also Govt. Request 12 (January 5, 2004)

[31]*United States v. Mann*, 73-H-268 (on retrial, see *United States v. Mann*, 517 F.2d 259 (5th Cir. 1979)) Chief Judge John Singleton, S.D.Texas. (A copy of Court's entire charge is available from counsel); *United States v. Leventhal*, CR 82-37, W.D.N.Y., from Court's charge at  p. 87 (Elfvin, J., April 11, 1983;  copy of Court's entire charge is available from counsel);  *Spies v. United States*, 317 U.S. 492, 498, 63 S.Ct. 364, 367-8 (1943)

[32] *United States v. Doyle*, 130 F.3d 523, 540 (2d Cir. 1997).

Respectfully Submitted,
GEORGE KANDIRAKIS
By His Attorney

_____

Rosemary Curran Scapicchio
Four Longfellow Place
Suite 3703
Boston, Massachusetts 02114
(617) 263-7400
BBO # 558312

Dated:  September 11, 2005