UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10372-WGY |
| ) | |
| GEORGE KANDIRAKIS ) | |

<u>DEFENDANT'S MOTION IN LIMINE</u>

Now comes the defendant, George Kandirakis, and moves that this Court preclude the Government from presenting any of the tape recorded conversations listed on the Government's Exhibit List in its case in chief, on cross examination, or in rebuttal. The following recordings between Adelman and Arco or Siciliano for which Kandirakis was neither present, nor did he participate, should be specifically excluded:

1. 11/8/04 audio recording of Siciliano/Arco /Adelman & Tomasetta identified as DEA # N-42

2. 11/8/04 audio recording of Siciliano/Arco /Adelman & Tomasetta N-43

3. 11/04 audio recordings of Arco/Tomasetta identified as DEA # N-52

4. 11/18/04 audio recording of Arco /Adelman/Tomasetta identified as DEA # N-53

5. 11/18/04 audio recording of Arco /Adelman/Tomasetta identified as DEA # N-54

6. 11/18/04 audio recording of Arco/Tomasetta identified as DEA #N-55

7. 11/18/04 video recording of Arco/Tomasetta identified as DEA #N-57

8. 11/24/04 audio recording of Arco/Tomasetta (2:48 p.m.) identified as DEA # N-60

9. 11/24/04 audio recording of Arco/Tomasetta (2:48 p.m.) identified as DEA # N-60

10. 11/29/04 audio recording of Arco/Tomasetta (12:58 p.m.) identified as DEA # N-60

11. 11/30/04 audio recording of Arco/Tomasetta (10:30 p.m.) identified as DEA # N-63

12. 12/1/04 audio recording of Arco/Tomasetta (2:17 p.m.) identified as DEA # N-64

13. 12/1/04 audio recording of Arco/Tomasetta (9:54 p.m.) identified as DEA # N-64

14. 12/2/04 audio recording of Arco/Tomasetta (8:55 a.m.) identified as DEA # N-64

15. 12/2/04 audio recording of Arco/Tomasetta (4:00 p.m.) identified as DEA # N-64

16. 12/2/04 audio recording of Arco/Tomasetta (4:55 p.m.) identified as DEA # N-65

In addition, Kandirakis states that any conversations between himself and Adelman should be excluded as they were made after the time Adelman began cooperating with the government and contemporaneously to Kandirakis' disavowing any alliance with Arco. There is no evidence whatsoever indicating an alliance between Kandirakis and Siciliano. As such, no conspiracy whatsoever existed at the time of the Kandirakis / Adelman recordings. See United States v. Gomez-Rosario, 418 F.3d 90 (1st Cir. 2005)(holding that there can be no conspiracy as a matter of law solely between defendant and government agent); See also United States v. Castellini, 392 F.3d 35 (1st Cir. 2004).

I. THE GOVERNMENT SHOULD BE PRECLUDED FROM INTRODUCING ALL CONVERSATIONS INVOLVING SICILIANO/ARCO /ADELMAN & TOMASETTA, OR A COMBINATION OF THE FOUR, BECAUSE THERE IS NO EVIDENCE THAT A CONSPIRACY WITH KANDIRAKIS EXISTED AT THE TIME.

It is a deep-rooted tradition that in determining whether the Government has met prerequisites of coconspirator exception to the hearsay rule, the district court must determine that it is more likely than not that the declarant and the defendant were

members of a conspiracy when the hearsay statement was made, and that the statement was in furtherance of the conspiracy. United States v. Cianci, 378 F.3d 71 (2004); See Arnott v. United States 464 US 948 (1983); Fed.Rules Evid.Rules 104, 801(d)(2)(E), 28 U.S.C.A. Where statements by co-conspirator are sufficiently linked by extrinsic proof to defendant they are admissible; the First Circuit unequivocally held in United States v. Sepulveda, 15 F.3d 1161 (1st Cir.1993), that "a coconspirator's statement, standing alone, is insufficient to meet the preponderance standard of Rule 801(d)(2)(E). . . [A]dmitting the statement into evidence requires some extrinsic proof of the declarant's involvement in the conspiracy." Evidence erroneously admitted cannot be retroactively justified on appeal on that ground that it fell under the exception. See United States v. Green, 523 F.2d 229 (2d Cir. 1975), cert denied, 423 US 1074 (1976).

When preliminary facts relevant to determining whether a statement is admissible under coconspirator exception to hearsay rule are disputed, the offering party must prove them by at least a preponderance of the evidence. Fed.Rules Evid.Rule 801(d)(2)(E), 28 U.S.C.A. See Bourjaily v. United States 483 U.S. 171, 107 S.Ct. 2775 (1987). Here, absent the conversations listed above, the government has no extrinsic evidence to offer of any conspiracy between Kandirakis and either Sicilano or Arco.

II.   ALL TAPE RECORDED CONVERSATIONS OFFERED BY THE GOVERNMENT ON IT'S "EXHIBIT LIST" MUST BE EXCLUDED BECAUSE THERE IS NO PROOF THAT THOSE STATEMENTS WERE MADE IN THE COURSE AND FURTHERANCE OF A CONSPIRACY BETWEEN KANDIRAKIS AND ANY INDIVIDUAL OTHER THAN ADELMEN WHO, AS A MATTER OF LAW, COULD NOT CONSPIRE WITH KANDIRAKIS BECAUSE HE WAS A GOVERNMENT AGENT.

Proof of an agreement between a defendant and government agent or informer is not sufficient to support a conspiracy conviction in a drug case, where the conspiracy

involves only one defendant and a government informer. Castellini, 392 F.3d at 52 ftnt 11. While a defendant's own statements are admissible as proof of a conspiracy, here the government proposes to introduce a conversation between Kandirakis and Adelman, recorded when Adelman was a cooperating witness, as proof that Kandirakis was connected to a broader conspiracy involving Arco and Sicliano. Adelman's statements cannot come in through the coconspirator exception because Adelman and Kandirakis could not conspire as a matter of law. Moreover, no other conspiracy existed at the time of that conversation since any alleged conspiracy between Kandirakis and Arco (the only evidence of which, as argued *supra*, are Arco's inadmissible recorded conversations) ended when Kandirakis expressed an intent to work solely with Adelman, and disavowed any association or involvement with Arco.

Even if this court were to find Arco's conversations, sans any extrinsic evidence whatsoever, sufficient evidence of a conspiracy between Arco and Kandirakis, any such alleged conspiracy ended at the time of Kandirakis' conversation with Adelman. Therefore, Kandirakis' conversations with Adelman are also inadmissible based on a theory that Kandirakis and Arco were in a conspiracy.

III.  EVEN IF THIS COURT WERE TO FIND THAT CONVERSATIONS INVOLVING ARCO SUFFICIENTLY ESTABLISH A CONSPIRACY WITH KANDIRAKIS SUCH THAT THOSE CONVERSATIONS MIGHT BE ADMISSIBLE, THESE CONVERSATIONS ARE IRRELEVANT, CONFUSING, OVERLY PREJUDICIAL, AND ADMISSION WOULD VIOLATE KANDIRAKIS' RIGHTS UNDER CRAWFORD V. WASHINGTON.

Conversations involving Arcos are irrelevant to the crime charged against Kandirakis in that they lend nothing to the government's proof of the indicted charge, conspiracy to possess with intent to distribute oxycotin. Whether or not Adelman was

attempting to make purchases from Arco or Siciliano is not relevant to any issue at trial. The government never charged Kandirakis with any overt acts; Kandirakis is on trial for a single indictment charging him with conspiracy to distribute oxycotin in violation of 28 U.S.C. 841(a). In addition, any reference to the weight of the drugs must be precluded because 11 days before trial the government filed a superceding indictment in which they knowingly took out any reference to weight. Rule 403 of the Fed R. Evid. calls upon the district court to weigh the probative value of evidence against the harms that it may cause - - unfair prejudice, confusion, misleading the jury, delay or repetition - - and to exclude the evidence if the probative value is "substantially outweighed" by the harms. United States v. Lachman, 48 F.3d 586 (1st Cir. 1995).

Normally in order to have probative value, the evidence must be "relevant" under Fed. R. Evid 401, meaning that it must tend to make an issue in the case more or less likely than would be so without the evidence. United States v. Tavares, 21 F3d 1,5 (1st Cir. 1994). Here, where no overt acts are charged, sales by Arco or Siciliano to Adelman are not "issues" in the case. Other factors that may bear on probative value are the importance of the issue and the force of the evidence. 22 C. Wright & K. Grahm, *Federal Practice and Procedure* sec. 5241 (1978). The unfair prejudice to Kandirakis, and the danger that the jury will become confused by the use of recordings that are not related in any way to Kandirakis, far outweighs any probative value this evidence may have. As such, this Court should allow his Motion in Limine. Luce v. United States, 469 U.S. 38, 41 n.4 (1984).

Finally even if this court were to find conversations involving Arco are admissible, despite the clear absence of any extrinsic evidence indicating Kandirakis

involvement in a conspiracy, admission would violate Kandirakis right to confront and cross-examine Arco. See <u>Crawford v. Washington</u>, 541 U.S. 36, 124 S.Ct. 1354 (2004).

Respectfully Submitted,<br>
GEORGE KANDIRAKIS<br>
By His Attorney<br>
<br>
/s/ Rosemary Curran Scapicchio<br>
Rosemary Curran Scapicchio<br>
Four Longfellow Place<br>
Suite 3703<br>
Boston, Massachusetts 02114<br>
(617) 263-7400<br>
BBO # 558312