```
                 UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,     )
          Plaintiff,          )
                              )
     v.                       )   CRIMINAL NO. 04-10372-WGY
                              )
JESS SICILIANO,               )
MICHAEL ARCO, and             )
GEORGE KANDIRAKIS             )
          Defendants.         )
```

**UNITED STATES' MOTION FOR ISSUANCE OF A
PRELIMINARY ORDER OF FORFEITURE AND MONEY JUDGMENT**

The United States, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby moves that this Court issue a Preliminary Order of Forfeiture and a Money Judgment in the above-captioned case pursuant to 21 U.S.C. §853, and Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure. A proposed Preliminary Order of Forfeiture and proposed Money Judgment are submitted herewith. In support thereof, the United States sets forth the following:

1. On or about September 1, 2005, a federal grand jury sitting in the District of Massachusetts returned a one-count Superseding Indictment charging defendants Jess Siciliano and Michael Arco[1], (the "Defendants"), with Conspiracy to Distribute and to Possess with Intent to Distribute Oxycodone, in violation of 21 U.S.C. §846 (Count One).

---

[1] The third defendant charged in the Superseding Indictment, George Kandirakis, was convicted of Conspiracy to Distribute and to Possess with Intent to Distribute Oxycodone on September 26, 2005 following a jury trial.

2. The Superseding Indictment sought the forfeiture, as a result of committing the offense alleged in Count One of the Superseding Indictment, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses, and any and all property used, intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses, pursuant to 21 U.S.C. §853. Such property includes, but is not limited to, cash, stocks, bonds, certificates of deposit, tangible and intangible personal property and real estate.

3. On or about September 6, 2005, pursuant to a written plea agreement, the Defendants pled guilty to Count One of the Superseding Indictment and agreed that the Defendants would specifically forfeit, without limitation, cash, stocks, bonds, certificates of deposit, tangible and intangible personal property and real estate and a Dreyse pistol, serial number 57053, seized by, or turned over to, the Drug Enforcement Administration on or about December 2, 2004.

4. The United States is seeking a personal money judgment against the Defendants jointly and severally totaling $11,060.00. The $11,060.00 is the total amount of proceeds from the two (2) drug transactions taking place on November 8, 2004 and November 18, 2004 to which the Defendants have pled guilty. The November 8, 2004 transaction consisted of the sale of 98 pills of Oxycodone with a street value of $36.00 per pill totaling $3,660.00. The

November 18, 2004 transaction consisted of the sale of 200 pills of Oxycodone with a street value of $37.00 per pill totaling $7,400.00.

    5.    Further, and in accordance with the Superseding Indictment, if any of the Defendants' assets that are subject to forfeiture, as a result of any act or omission by the Defendants, (a) cannot be located upon the exercise of due diligence; (b) have been transferred or sold to, or deposited with a third party; (c) have been placed beyond the jurisdiction of the Court; (d) have been substantially diminished in value; or (e) have been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendants, up to the value of such assets, pursuant to 21 U.S.C. §853(p).

    6.    The United States has not, as of this date, identified specific assets, other than the $11,060.00 and the Dreyse pistol, that were derived from the offense for which the Defendants have been convicted.  Nor has the United States yet identified any property of the Defendants that could be forfeited as a substitute asset in accordance with 21 U.S.C. §853(p).

    7.    Accordingly, the United States seeks the entry of a Preliminary Order of Forfeiture for the Dreyse pistol, serial number 57053, seized by, or turned over to, the Drug Enforcement Administration on or about December 2, 2004 (the "Dreyse pistol") and a personal money judgment against the Defendants jointly and

severally in the amount of $11,060.00 (the "personal money judgment").

8.   By virtue of the Defendants' guilty plea and pursuant to 21 U.S.C. §853(a) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture and a personal money judgment against the Defendants Siciliano and Arco jointly and severally, or substitute assets in a value up to the amount of the Dreyse pistol and the personal money judgment.  See Rule 32.2(b)(2); 21 U.S.C. §853(p); United States v. Candelaria-Silva, 166 F.3d 19, 41 (1st Cir. 1999).

9.   An order of forfeiture may take several forms, including a order for a money judgment.  United States v. Candelaria-Silva, 166 F.3d 19 (1st Cir. 1999) (criminal forfeiture order may take several forms: money judgment, directly forfeitable property, and substitute assets).  The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure.  Such orders of forfeiture are commonplace.  See, e.g., United States v. Baker, 227 F.3d 955 (7th Cir. 2000) (a forfeiture order may include a money judgment for the amount of money involved in the money laundering offense; the money judgment acts as a lien against the defendant personally for the duration of his prison term and beyond); United States v. Corrado, 227 F.3d 543 (6th Cir. 2000)(remanding case to the district court to enter money judgment for the amount derived from a RICO offense); United States v.

Davis, 177 F. Supp.2d 470 (E.D. Va. 2001) (same, following Candelaria-Silva); United States v. Saccoccia, 823 F. Supp. 994, 1006 (D.R.I. 1993) (money judgment for the amount laundered, $136 million, entered against each defendant), aff'd, 58 F.3d 754 (1st Cir. 1995).

10.  Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. §853 and FRCP 32.2, the United States Marshals Service will publish at least once for three successive weeks in a newspaper of general circulation, notice of this Order, notice of the Marshal's intent to dispose of the Dreyse pistol in such manner as the Attorney General may direct and notice that any person, other than the Defendants, having or claiming a legal interest in the Dreyse pistol must file a petition with the Court (and serve a copy on the United States Attorney) within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Dreyse pistol, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title of interest in the forfeited Dreyse pistol and any additional facts supporting the petitioner's claim and relief sought.

11.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Dreyse pistol that is the subject of the

Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

12. Pursuant to 21 U.S.C. §853, following the Court's disposition of all petitions filed, or if no such petitions are filed following the expiration of the period provided for the filing of such petitions, the United States of America shall have clear title to the Dreyse pistol and this Court will enter a Final Order of Forfeiture pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure.

WHEREFORE, the United States respectfully moves that this Court enter a Preliminary Order of Forfeiture for the Dreyse pistol, serial number 57053, seized by, or turned over to, the Drug Enforcement Administration on or about December 2, 2004 and a personal money judgment against the Defendants jointly and severally in the amount of $11,060.00, in the forms submitted herewith.

                Respectfully submitted,

                MICHAEL J. SULLIVAN
                United States Attorney,

                /s/ JENNIFER H. ZACKS
                NANCY RUE
                JENNIFER H. ZACKS
                Assistant U.S. Attorneys
                United States Courthouse
                Suite 9200
                1 Courthouse Way
                Boston, MA 02210
                (617) 748-3100

Date: September 30, 2005

CERTIFICATE OF SERVICE

    I certify that I have served a true copy of the foregoing upon James E. McCall, Esquire, as counsel for Defendant Jess Siciliano, 4 Longfellow Place, Boston, MA 02114, Theodore A. Barone, Esquire, as counsel for Defendant Michael Arco, 1359 Hancock Street, Suite 4, Quincy, MA 02169 and Rosemary C. Scapicchio, Esquire, as counsel for George Kandirakis, 4 Longfellow Place, 37th Floor, Boston, MA 02114 by first class mail.

                                        /s/ JENNIFER H. ZACKS
                                        JENNIFER H. ZACKS
                                        Assistant U.S. Attorney

Date: September 30, 2005

```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    )
          Plaintiff,         )
                             )
     v.                      )    CRIMINAL NO. 04-10372-WGY
                             )
JESS SICILIANO,              )
MICHAEL ARCO, and            )
GEORGE KANDIRAKIS            )
          Defendants.        )
```

**PRELIMINARY ORDER OF FORFEITURE**

**YOUNG, D.J.**,

WHEREAS, on or about September 1, 2005, a federal grand jury sitting in the District of Massachusetts returned a one-count Superseding Indictment charging defendants Jess Siciliano and Michael Arco[1], (the "Defendants"), with Conspiracy to Distribute and to Possess with Intent to Distribute Oxycodone, in violation of 21 U.S.C. §846 (Count One);

AND WHEREAS, the Superseding Indictment sought the forfeiture, as a result of committing the offense alleged in Count One of the Superseding Indictment, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses, and any and all property used, intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses, pursuant to 21 U.S.C. §853. Such

---

[1] The third defendant charged in the Superseding Indictment, George Kandirakis, was convicted of Conspiracy to Distribute and to Possess with Intent to Distribute Oxycodone on September 26, 2005 following a jury trial.

property includes, but is not limited to, cash, stocks, bonds, certificates of deposit, tangible and intangible personal property and real estate;

AND WHEREAS, on or about September 6, 2005, pursuant to a written plea agreement, the Defendants pled guilty to Count One of the Superseding Indictment and agreed that the Defendants would specifically forfeit, without limitation, cash, stocks, bonds, certificates of deposit, tangible and intangible personal property and real estate and a Dreyse pistol, serial number 57053, seized by, or turned over to, the Drug Enforcement Administration on or about December 2, 2004;

AND WHEREAS, the United States is seeking a personal money judgment against the Defendants jointly and severally totaling $11,060.00. The $11,060.00 is the total amount of proceeds from the two (2) drug transactions taking place on November 8, 2004 and November 18, 2004 to which the Defendants have pled guilty. The November 8, 2004 transaction consisted of the sale of 98 pills of Oxycodone with a street value of $36.00 per pill totaling $3,660.00. The November 18, 2004 transaction consisted of the sale of 200 pills of Oxycodone with a street value of $37.00 per pill totaling $7,400.00;

AND WHEREAS, further, and in accordance with the Superseding Indictment, if any of the Defendants' assets that are subject to forfeiture, as a result of any act or omission by the Defendants, (a) cannot be located upon the exercise of due diligence; (b) have

been transferred or sold to, or deposited with a third party; (c) have been placed beyond the jurisdiction of the Court; (d) have been substantially diminished in value; or (e) have been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendants, up to the value of such assets, pursuant to 21 U.S.C. §853(p);

AND WHEREAS, the United States has not, as of this date, identified specific assets that were derived from the offense for which the Defendants have been convicted.  Nor has the United States yet identified any property of the Defendants that could be forfeited as a substitute asset in accordance with 21 U.S.C. §853(p);

AND WHEREAS, by virtue of the Defendants' guilty plea and pursuant to 21 U.S.C. §853(a) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture for the Dreyse pistol and a personal money judgment against the Defendants jointly and severally, or substitute assets in a value up to the amount of the Dreyse pistol and the personal money judgment,

ACCORDINGLY, it is hereby ORDERED, ADJUDGED and DECREED:

1.   Based on the Defendants' guilty plea, the United States' Motion for Entry of a Preliminary Order of Forfeiture for the Dreyse pistol is ALLOWED.

2.   Pursuant to 21 U.S.C. §853(m) and Rule 32.2(b)(3), the

United States is hereby authorized to conduct discovery in order to facilitate the identification and location of any and all assets subject to forfeiture, pursuant to 21 U.S.C. §853, as a result of the Defendants' guilty plea.

3. In the event that assets are identified which are subject to forfeiture pursuant to 21 U.S.C. §853(p), the United States will seek an amended Order and conduct ancillary proceedings pursuant to 21 U.S.C. §853(n) and Rule 32.2(e).

4. Pursuant to 21 U.S.C. §853 and FRCP 32.2, the United States shall publish at least once for three successive weeks in the newspaper of general circulation in the District of Massachusetts, notice of this Order and of the United States' intent to dispose of the Dreyse pistol in such manner as the Attorney General may direct.

5. Pursuant to 21 U.S.C. §853, the Government may also, to the extent practicable, provide written notice to any person known to have alleged an interest in the Dreyse pistol that is the subject of this Preliminary Order of Forfeiture.

6. Pursuant to 21 U.S.C. §853, the notice referred to above shall state (a) any person, other than the Defendants, asserting a legal interest in the Dreyse pistol may, within thirty (30) days of the final publication of the notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her

interest in the Dreyse pistol; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Dreyse pistol, the time and circumstances of the petitioner's acquisition of the right, title, or interest, any additional facts supporting the petitioner's claim, and the relief sought.

7.    Pursuant to 21 U.S.C. §853, following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided for the filing of such petitions, the United States of America shall have clear title to the Dreyse pistol and this Court will enter a Final Order of Forfeiture pursuant to Rule 32.2(c) of the Federal Rules of Criminal Procedure.

8.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture shall become final as to the Defendants at the time of sentencing, or at any time before sentencing if the Defendants consent, and must be made a part of the sentence and included in the judgment.

9.   This Court shall retain jurisdiction to enforce this order and to amend it as necessary pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.


_____
William G. Young
United States District Judge

Date:

```
                 UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,     )
          Plaintiff,          )
                              )
     v.                       )   CRIMINAL NO. 04-10372-WGY
                              )
JESS SICILIANO,               )
MICHAEL ARCO, and             )
GEORGE KANDIRAKIS             )
          Defendants.         )
```

**MONEY JUDGMENT**

**YOUNG, D.J.**,

WHEREAS, on or about September 1, 2005, a federal grand jury sitting in the District of Massachusetts returned a one-count Superseding Indictment charging defendants Jess Siciliano and Michael Arco[1], (the "Defendants"), with Conspiracy to Distribute and to Possess with Intent to Distribute Oxycodone, in violation of 21 U.S.C. §846 (Count One);

AND WHEREAS, the Superseding Indictment sought the forfeiture, as a result of committing the offense alleged in Count One of the Superseding Indictment, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses, and any and all property used, intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses, pursuant to 21 U.S.C. §853. Such property includes, but is not limited to, cash, stocks, bonds,

---

[1] The third defendant charged in the Superseding Indictment, George Kandirakis, was convicted of Conspiracy to Distribute and to Possess with Intent to Distribute Oxycodone on September 26, 2005 following a jury trial.

certificates of deposit, tangible and intangible personal property and real estate;

AND WHEREAS, on or about September 6, 2005, pursuant to a written plea agreement, the Defendants pled guilty to Count One of the Superseding Indictment and agreed that the Defendants would specifically forfeit, without limitation, cash, stocks, bonds, certificates of deposit, tangible and intangible personal property and real estate and a Dreyse pistol, serial number 57053, seized by, or turned over to, the Drug Enforcement Administration on or about December 2, 2004;

AND WHEREAS, the United States is seeking a personal money judgment against the Defendants jointly and severally totaling $11,060.00.  The $11,060.00 is the total amount of proceeds from the two (2) drug transactions taking place on November 8, 2004 and November 18, 2004 to which the Defendants have pled guilty.  The November 8, 2004 transaction consisted of the sale of 98 pills of Oxycodone with a street value of $36.00 per pill totaling $3,660.00.  The November 18, 2004 transaction consisted of the sale of 200 pills of Oxycodone with a street value of $37.00 per pill totaling $7,400.00;

AND WHEREAS, further, and in accordance with the Superseding Indictment, if any of the Defendants' assets that are subject to forfeiture, as a result of any act or omission by the Defendants, (a) cannot be located upon the exercise of due diligence; (b) have been transferred or sold to, or deposited with a third party; (c)

have been placed beyond the jurisdiction of the Court; (d) have been substantially diminished in value; or (e) have been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendants, up to the value of such assets, pursuant to 21 U.S.C. §853(p);

AND WHEREAS, the United States has not, as of this date, identified specific assets that were derived from the offense for which the Defendants have been convicted.  Nor has the United States yet identified any property of the Defendants that could be forfeited as a substitute asset in accordance with 21 U.S.C. §853(p);

AND WHEREAS, by virtue of the Defendants' guilty plea and pursuant to 21 U.S.C. §853(a) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture for the Dreyse pistol and a personal money judgment against the Defendants, or substitute assets in a value up to the amount of the Dreyse pistol and the personal money judgment,

ACCORDINGLY, it is hereby ORDERED, ADJUDGED and DECREED:

1.   Based on the Defendants' guilty plea, the United States' Motion for Entry of a personal money judgment in the amount of $11,060.00 against the Defendants jointly and severally is ALLOWED.

2.   Pursuant to 21 U.S.C. §853(m) and Rule 32.2(b)(3), the United States is hereby authorized to conduct discovery in order to

facilitate the identification and location of any and all assets subject to forfeiture, pursuant to 21 U.S.C. §853, as a result of the Defendants' guilty plea.

3.   In the event that assets are identified which are subject to forfeiture pursuant to 21 U.S.C. §853(p), the United States will seek an amended Order and conduct ancillary proceedings pursuant to 21 U.S.C. §853(n) and Rule 32.2(e).

4.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, this personal money judgment shall become final as to the Defendants at the time of sentencing, or at any time before sentencing if the Defendants consent, and must be made a part of the sentence and included in the judgment.

5.   This Court shall retain jurisdiction to enforce this order and to amend it as necessary pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

_____
William G. Young
United States District Judge

Date: