Case 1:04-cr-10372-WGY   Document 44-2   Filed 09/30/2005   Page 1 of 6

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>            Plaintiff,  )<br>                          )<br>     v.                   )<br>                          )<br> JESS SICILIANO,          )<br> MICHAEL ARCO, and        )<br> GEORGE KANDIRAKIS        )<br>            Defendants.   ) | CRIMINAL NO. 04-10372-WGY |

**PRELIMINARY ORDER OF FORFEITURE**

**YOUNG, D.J.,**

WHEREAS, on or about September 1, 2005, a federal grand jury sitting in the District of Massachusetts returned a one-count Superseding Indictment charging defendants Jess Siciliano and Michael Arco[1], (the "Defendants"), with Conspiracy to Distribute and to Possess with Intent to Distribute Oxycodone, in violation of 21 U.S.C. §846 (Count One);

AND WHEREAS, the Superseding Indictment sought the forfeiture, as a result of committing the offense alleged in Count One of the Superseding Indictment, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses, and any and all property used, intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses, pursuant to 21 U.S.C. §853. Such

---

[1] The third defendant charged in the Superseding Indictment, George Kandirakis, was convicted of Conspiracy to Distribute and to Possess with Intent to Distribute Oxycodone on September 26, 2005 following a jury trial.



property includes, but is not limited to, cash, stocks, bonds, certificates of deposit, tangible and intangible personal property and real estate;

AND WHEREAS, on or about September 6, 2005, pursuant to a written plea agreement, the Defendants pled guilty to Count One of the Superseding Indictment and agreed that the Defendants would specifically forfeit, without limitation, cash, stocks, bonds, certificates of deposit, tangible and intangible personal property and real estate and a Dreyse pistol, serial number 57053, seized by, or turned over to, the Drug Enforcement Administration on or about December 2, 2004;

AND WHEREAS, the United States is seeking a personal money judgment against the Defendants jointly and severally totaling $11,060.00. The $11,060.00 is the total amount of proceeds from the two (2) drug transactions taking place on November 8, 2004 and November 18, 2004 to which the Defendants have pled guilty. The November 8, 2004 transaction consisted of the sale of 98 pills of Oxycodone with a street value of $36.00 per pill totaling $3,660.00. The November 18, 2004 transaction consisted of the sale of 200 pills of Oxycodone with a street value of $37.00 per pill totaling $7,400.00;

AND WHEREAS, further, and in accordance with the Superseding Indictment, if any of the Defendants' assets that are subject to forfeiture, as a result of any act or omission by the Defendants, (a) cannot be located upon the exercise of due diligence; (b) have

been transferred or sold to, or deposited with a third party; (c) have been placed beyond the jurisdiction of the Court; (d) have been substantially diminished in value; or (e) have been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendants, up to the value of such assets, pursuant to 21 U.S.C. §853(p);

AND WHEREAS, the United States has not, as of this date, identified specific assets that were derived from the offense for which the Defendants have been convicted. Nor has the United States yet identified any property of the Defendants that could be forfeited as a substitute asset in accordance with 21 U.S.C. §853(p);

AND WHEREAS, by virtue of the Defendants' guilty plea and pursuant to 21 U.S.C. §853(a) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture for the Dreyse pistol and a personal money judgment against the Defendants jointly and severally, or substitute assets in a value up to the amount of the Dreyse pistol and the personal money judgment,

ACCORDINGLY, it is hereby ORDERED, ADJUDGED and DECREED:

1. Based on the Defendants' guilty plea, the United States' Motion for Entry of a Preliminary Order of Forfeiture for the Dreyse pistol is ALLOWED.

2. Pursuant to 21 U.S.C. §853(m) and Rule 32.2(b)(3), the

United States is hereby authorized to conduct discovery in order to facilitate the identification and location of any and all assets subject to forfeiture, pursuant to 21 U.S.C. §853, as a result of the Defendants' guilty plea.

3.   In the event that assets are identified which are subject to forfeiture pursuant to 21 U.S.C. §853(p), the United States will seek an amended Order and conduct ancillary proceedings pursuant to 21 U.S.C. §853(n) and Rule 32.2(e).

4.   Pursuant to 21 U.S.C. §853 and FRCP 32.2, the United States shall publish at least once for three successive weeks in the newspaper of general circulation in the District of Massachusetts, notice of this Order and of the United States' intent to dispose of the Dreyse pistol in such manner as the Attorney General may direct.

5.   Pursuant to 21 U.S.C. §853, the Government may also, to the extent practicable, provide written notice to any person known to have alleged an interest in the Dreyse pistol that is the subject of this Preliminary Order of Forfeiture.

6.   Pursuant to 21 U.S.C. §853, the notice referred to above shall state (a) any person, other than the Defendants, asserting a legal interest in the Dreyse pistol may, within thirty (30) days of the final publication of the notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her

interest in the Dreyse pistol; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Dreyse pistol, the time and circumstances of the petitioner's acquisition of the right, title, or interest, any additional facts supporting the petitioner's claim, and the relief sought.

7. Pursuant to 21 U.S.C. §853, following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided for the filing of such petitions, the United States of America shall have clear title to the Dreyse pistol and this Court will enter a Final Order of Forfeiture pursuant to Rule 32.2(c) of the Federal Rules of Criminal Procedure.

8. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture shall become final as to the Defendants at the time of sentencing, or at any time before sentencing if the Defendants consent, and must be made a part of the sentence and included in the judgment.

9.   This Court shall retain jurisdiction to enforce this order and to amend it as necessary pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

/s/ William G. Young
William G. Young
United States District Judge

Date: Oct 3, 2005