UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| v. | ) |
| | ) CRIMINAL NO. 04-10372-WGY |
| 3. **GEORGE KANDIRAKIS** | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S OPPOSITION TO MOTION FOR JUDGMENT OF ACQUITTAL**

Defendant Kandirakis' motion for judgment of acquittal is inconsistent with binding First Circuit precedent as well as the clear language of the statute under which Kandirakis was indicted. Accordingly, the government opposes Kandirakis's motion and respectfully requests that the Court deny it in its entirety.

    A.    Under Unambiguous First Circuit Precedent, Drug Quantity is Not an Element of the Crime of Conspiracy to Distribute Controlled Substances

Kandirakis argues that drug amount and type are both elements of violations of the Controlled Substances Act of 1970, and as such, must be pleaded in the indictment and proven to the jury beyond a reasonable doubt. Kandirakis's argument has been squarely presented to and rejected by the United States Court of Appeals for the First Circuit in United States v. Goodine, 326 F.3d 26 (1st Cir. 2003).

In Goodine, the First Circuit carefully analyzed the structure and legislative history of the Controlled Substances

Act, in light of United States Supreme Court precedent instructing how to distinguish elements from sentencing factors. The First Circuit noted that the case "presents us with a post-Apprendi opportunity to determine congressional intent regarding the drug quantity language of § 841," with a comparison site to the prior First Circuit case of United States v. Terry, 240 F.3d 65, 74 n.9 (1st Cir. 2001), which had "not reached" the issue. The First Circuit then reviewed the Supreme Court's treatment of a variety of statutory items as "sentencing factors" or "elements" for determining whether they must be announced in the indictment and submitted to the jury for determination beyond a reasonable doubt under the rule of Apprendi v. New Jersey, 530 U.S. 466, 495 (2000).  See Goodine, 326 F.3d at 28-32, analyzing McMillan v. Pennsylvania, 477 U.S. 79 (1986) (visible possession of a firearm during commission of an enumerated felony is a sentencing factor, not an element); Almendarez-Torres v. United States, 523 U.S. 224 (1998) (prior conviction is a sentencing factor rather than an element); Jones v. United States, 526 U.S. 227 (1999)(serious bodily harm in the carjacking statute is an element, rather than a sentencing factor, and must be proven to a jury beyond a reasonable doubt); Castillo v. United States, 530 U.S. 120 (2000) (type of weapon is an element which must be proven beyond a reasonable doubt when it increases the sentence from a five year minimum to thirty); and Harris v. United States,

536 U.S. 545 (2002) (brandishing versus discharging a firearm during a drug offense is a sentencing factor rather than an element)]. Based on this analysis, the First Circuit expressly rejected the defendant's contention that the statutory quantities set forth in 21 U.S.C. § 841(b) are "elements." Instead, the First Circuit held:

> [D]rug quantity is a classic sentencing factor. Like many sentencing factors, it goes to the "nature and circumstances of the offense." . . . The government must prove beyond a reasonable doubt all the elements of § 841(a). . . .
>
> . . . Drug quantity is "not necessary to the determination of whether [defendant's] conduct was "criminal" or "innocent." United States v. Collzao-Aponte, 281 F.3d 320, 326 (1st Cir. 2002). It therefore is more like a sentencing factor than an element. . . . We therefore find that drug quantity for purposes of § 841 is a sentencing factor that may be determined by a preponderance of the evidence.

Goodine, 326 F.3d at 32. Nothing in the First Circuit's post-Booker jurisprudence indicates that this decision is in doubt on the basis of the decision holding the guidelines to be advisory rather than mandatory. See, e.g., United States v. Green, No. 04-1225, 2005 WL 2650127 (1st Cir. Oct. 18, 2005)(affirming this Court's determination of drug weight by a preponderance of the evidence).

Accordingly, even if Kandirakis' analysis were otherwise compelling, it is inconsistent with binding First Circuit precedent, and therefore must be rejected. See United States v.

3

Rodriguez, 311 F.3d 435, 438-439 (1st Cir. 2002)(noting that law of the Circuit doctrine requires even a panel of the Court of Appeals to hold prior panel decisions inviolate).

>    B.   Even if the Threshold Quantities Triggering Increased Statutory Minima Under 21 U.S.C. 841(b) Were Required to Be Pleaded in the Indictment, No Such Statutory Factor Exists in This Case.

Kandirakis' argument also fails under simple statutory analysis. The conviction cannot be vacated on the ground that the indictment failed to allege drug weight because *there is no threshold drug weight in the paragraph of section 841(b) that sets forth the penalty for oxycodone conspiracies*. All section 841(b) factors that apply to Kandirakis (i.e. drug identity and type) *were* in fact pleaded in the Superseding Indictment and submitted to the jury for a unanimous verdict based on proof beyond a reasonable doubt. It follows that even if Goodine were ultimately to be overturned, it would have no effect on the lawfulness of Kandirakis's conviction.

The Superseding Indictment on which Kandirakis was tried charges him with conspiracy "to possess with intent to distribute and to distribute oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1)." Docket at 24. The penalty provision applicable to this crime is 21 U.S.C. § 841(b)(1)(C). That provision sets forth a maximum penalty (of 20 years) and an implied minimum penalty (of no

imprisonment) for persons convicted of an oxycodone conspiracy, and neither the maximum nor minimum varies according to drug weight:

> In the case of a controlled substance in schedule I or II, except as provided in subparagraphs (A), (B), or (D), such person shall be sentenced to a term of imprisonment of not more than 20 years . . . .

21 U.S.C. § 841(b)(1)(C). This provision is the only section 841(b) penalty provision with any applicability to Kandirakis's crime, because no other provision deals with oxycodone (which is a Schedule II substance not elsewhere mentioned in the statute). Accordingly, even if drug weight were to be deemed an element for purposes of section 841(b), it would have no application to Kandirakis's case.

Indeed, it is telling that nowhere in Kandirakis's motion does Kandirakis ever specify what words are missing from the Superseding Indictment. Kandirakis does not appear to dispute that 21 U.S.C. § 841(b)(1)(C) is, and always was, the only penalty provision with any application of his case; yet he fails to show how the Superseding Indictment failed properly to track the language of section 841(b)(1)(C). Kandirakis does not do this because he cannot; his motion might make sense in the context of some other case, but not this one.

Kandirakis' assertion that the Superseding Indictment fails to set forth a statutory element therefore must fail, and his motion for acquittal on this ground has no merit.

## Conclusion

First Circuit binding precedent holds that drug weight is a sentencing factor and not an element, and therefore need not be pleaded in the indictment. Moreover, even if drug weight were in some circumstances a factor which must be pleaded, the statutory scheme for oxycodone does not vary with weight. For these reasons, Kandirakis' motion for judgment of acquittal notwithstanding the jury's verdict of guilty should be denied.

                              Respectfully Submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                         By:  /s/ Nancy Rue
                              WILLIAM WEINREB
                              NANCY RUE
                              Assistant U.S. Attorneys