UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,       )
            Plaintiff,          )
                                )
        v.                      )   CRIMINAL NO. 04-10372-WGY
                                )
JESS SICILIANO,                 )
MICHAEL ARCO, and               )
GEORGE KANDIRAKIS               )
            Defendants.         )

### UNITED STATES' MOTION FOR FINAL ORDER OF FORFEITURE

The United States, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby moves that this Court issue a Final Order of Forfeiture in the above-captioned case pursuant to 21 U.S.C. §853. A proposed Final Order of Forfeiture is submitted herewith. In support thereof, the United States sets forth the following:

1. On or about September 1, 2005, a federal grand jury sitting in the District of Massachusetts returned a one-count Superseding Indictment charging defendants Jess Siciliano and Michael Arco,[1] (the "Defendants"), with Conspiracy to Distribute and to Possess with Intent to Distribute Oxycodone, in violation of 21 U.S.C. §846 and 21 U.S.C. §841 (Count One).

---

[1] The third defendant charged in the Superseding Indictment, George Kandirakis, was convicted of Conspiracy to Distribute and to Possess with Intent to Distribute Oxycodone on September 26, 2005 following a jury trial. The forfeiture allegation in the Superseding Indictment relating to George Kandirakis was not litigated during the trial.

2. The Superseding Indictment sought the forfeiture, pursuant to 21 U.S.C. §853, as a result of committing the offense alleged in Count One of the Superseding Indictment, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses, and any and all property used, intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses. Such property includes, but is not limited to, cash, stocks, bonds, certificates of deposit, tangible and intangible personal property and real estate. The Superseding Indictment also contained as provision seeking the forfeiture, pursuant to 21 U.S.C. §853(p), of substitute assets of the Defendants, in the event that the directly forfeitable assets were not available for forfeiture.

3. On or about September 6, 2005, pursuant to separate written plea agreements, the Defendants both pled guilty to Count One of the Superseding Indictment and specifically agreed that the Defendants would forfeit, without limitation, cash, stocks, bonds, certificates of deposit, tangible and intangible personal property and real estate and a Dreyse pistol, serial number 57053 ("Dreyse Pistol"), apparently belonging to Arco, and seized by, or turned over to, the Drug Enforcement Administration on or about December 2, 2004. The Defendants specifically agreed that the United States is not limited to forfeiture of the assets specifically listed in the plea agreements and agreed to forfeiture of substitute assets

up to the value of the directly forfeitable assets fitting any of the categories described.

4.   Further, and in accordance with the Superseding Indictment and plea agreements, if any of the Defendants' assets that are subject to forfeiture, as a result of any act or omission by the Defendants, (a) cannot be located upon the exercise of due diligence; (b) have been transferred or sold to, or deposited with a third party; (c) have been placed beyond the jurisdiction of the Court; (d) have been substantially diminished in value; or (e) have been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendants, up to the value of such assets, pursuant to 21 U.S.C. §853(p).

5.   The United States has not, as of this date, identified specific assets, other than the Dreyse pistol and $11,060.00[2], that are forfeitable based on the offense to which the Defendants have pled guilty.  Nor has the United States yet identified any property of the Defendants that could be forfeited as a substitute asset in accordance with 21 U.S.C. §853(p).

6.   On or about September 30, 2005, the government filed a

---

[2] The $11,060.00 represents the total amount of proceeds the Defendants obtained from the two (2) drug transactions that took place on November 8, 2004 and November 18, 2004 to which the Defendants have pled guilty.  In Transaction 1, the Defendants obtained $3,660.00.  In Transaction 2, the Defendants obtained $7,400.00.  As of this date, the government has not recovered any of the $11,060.00.

3

Motion for Preliminary Order of Forfeiture and proposed Preliminary Order of Forfeiture and Money Judgment seeking forfeiture of property including, but not limited, to the Dreyse pistol and a Money Judgment for $11,060.00.

8.   On or about October 3, 2005, this Court issued a Preliminary Order of Forfeiture against the Defendants' interest in the Dreyse Pistol, and a Money Judgment for $11,060.00.

9.   On November 22, 2005, November 29, 2005 and December 6, 2005, a Notice of Order of Forfeiture was published in the Boston Herald newspaper, pursuant to 21 U.S.C. §853(n)[3]. In addition, notice of the Preliminary Order of Forfeiture were served on the following people:

    a)   Terry Flukes, Esquire, counsel for Michael Arco, 21 Franklin Street, Quincy, MA 02164 (returned undelivered);

    b)   Richard C. Bardi, Esquire, counsel for Jess Siciliano, 6 Beacon Street, Suite 410, Boston, MA 02108 on November 21, 2005;

    c)   Rosemary C. Scapicchio, Esquire, counsel for Defendant Kandirakis, 4 Longfellow Place, 37th Floor, Boston, MA 02114 on November 21, 2005;

---

[3] The Money Judgment granted on October 3, 2005 was not published in the Boston Herald because, while the purpose of publication is to notify third parties with any potential interest in property to be forfeited and to permit them to file claims, a money judgment is a personal judgment against the defendant himself, not subject to dispute by third parties. See United States v. Baker, 227 F.3d 955 (7th Cir. 2000). ("[T]he money judgment acts as a lien against the defendant personally for the duration of his prison term and beyond."

    d)    George Kanderakis, #84260054, Essex County Correctional Facilities, PO Box 807, Middleton, MA 01949 on November 21, 2005;

    e)    Theodore A. Barone, Esquire, counsel for Michael Arco, 1359 Hancock Street, Suite 4, Quincy, MA 02169 on November 21, 2005;

    f)    Michael Arco, #84229054, Plymouth County Correctional Facility, 26 Long Pond Road, Plymouth, MA 02360 (delivered week of November 21, 2005);

    g)    James E. McCall, Esquire, counsel for Defendant Siciliano, 4 Longfellow Place, Boston, MA 02114 on November 21, 2005; and

    h)    Jess Siciliano, 6 Whitewood Road, White Plains, NY 10603-1137 (returned undelivered).

8.  As of this date, no claims of interest in the Dreyse Pistol have been filed with the Court or the U.S. Attorney and the time within which to do so has expired. <u>See</u> Court's Preliminary Order of Forfeiture of October 3, 2005 and 21 U.S.C. §853(n)(2).

9.  By virtue of the Defendants' guilty plea and pursuant to 21 U.S.C. §853(a) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Final Order of Forfeiture for the Dreyse pistol.

WHEREFORE, the United States respectfully moves that this Court enter a Final Order of Forfeiture against the Dreyse Pistol in the form submitted herewith.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney,

/s/ JENNIFER H. ZACKS
NANCY RUE
JENNIFER H. ZACKS
Assistant U.S. Attorneys
United States Courthouse
Suite 9200
1 Courthouse Way
Boston, MA 02210
(617) 748-3100

Date: February 2, 2006

**CERTIFICATE OF SERVICE**

I, Jennifer H. Zacks, Assistant U.S. Attorney, hereby certify that the foregoing document has been filed through the Electronic Court Filing System and also has been sent by First Class Mail to James E. McCall, Esquire, as counsel for Defendant Jess Siciliano, 4 Longfellow Place, Boston, MA 02114, Theodore A. Barone, Esquire, as counsel for Defendant Michael Arco, 1359 Hancock Street, Suite 4, Quincy, MA 02169 and Rosemary C. Scapicchio, Esquire, as counsel for George Kandirakis, 4 Longfellow Place, 37th Floor, Boston, MA 02114.

/s/ JENNIFER H. ZACKS
Jennifer H. Zacks
Assistant U.S. Attorney

Date: February 2, 2006

```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,      )
              Plaintiff,       )
                               )
     v.                        )    CRIMINAL NO. 04-10372-WGY
                               )
JESS SICILIANO,                )
MICHAEL ARCO, and              )
GEORGE KANDIRAKIS              )
              Defendants.      )
```

**FINAL ORDER OF FORFEITURE**

**YOUNG, D.J.**

WHEREAS, on or about September 1, 2005, a federal grand jury sitting in the District of Massachusetts returned a one-count Superseding Indictment charging defendants Jess Siciliano and Michael Arco,[1] (the "Defendants"), with Conspiracy to Distribute and to Possess with Intent to Distribute Oxycodone, in violation of 21 U.S.C. §846 and 21 U.S.C. §841 (Count One);

AND WHEREAS, the Superseding Indictment sought the forfeiture, as a result of committing the offense alleged in Count One of the Superseding Indictment, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses, and any and all property used, intended to be used, in any manner or part, to commit, or to facilitate the

---

[1] The third defendant charged in the Superseding Indictment, George Kandirakis, was convicted of Conspiracy to Distribute and to Possess with Intent to Distribute Oxycodone on September 26, 2005 following a jury trial. The forfeiture allegation in the Superseding Indictment relating to George Kandirakis was not litigated during the trial.

commission of, the offenses, pursuant to 21 U.S.C. §853, or, if the directly forfeitable assets were not available for forfeiture, of substitute assets, pursuant to 21 U.S.C. §853(p);

AND WHEREAS, on or about September 6, 2005, pursuant to separate written plea agreements, the Defendants pled guilty to Count One of the Superseding Indictment and specifically agreed, pursuant to 21 U.S.C. §853 that the Defendants would forfeit, without limitation, cash, stocks, bonds, certificates of deposit, tangible and intangible personal property and real estate and a Dreyse pistol, serial number 57053 ("Dreyse Pistol"), seized by, or turned over to, the Drug Enforcement Administration on or about December 2, 2004.  The Defendants specifically agreed that the United States is not limited to forfeiture of the assets specifically listed in the plea agreement and agreed to forfeiture of substitute assets up to the value of the directly forfeitable assets fitting any of the categories described;

AND WHEREAS, further, and in accordance with the Superseding Indictment, if any of the Defendants' assets that are subject to forfeiture, as a result of any act or omission by the Defendants, (a) cannot be located upon the exercise of due diligence; (b) have been transferred or sold to, or deposited with a third party; (c) have been placed beyond the jurisdiction of the Court; (d) have been substantially diminished in value; or (e) have been commingled with other property which cannot be divided without difficulty, the

United States is entitled to seek forfeiture of any other property of the Defendants, up to the value of such assets, pursuant to 21 U.S.C. §853(p);

AND WHEREAS, the United States has not, as of this date, identified specific assets, other than the Dreyse Pistol and $11,060.00^{2}$, that are forfeitable based on the offense to which the Defendants have pled guilty.  Nor has the United States yet identified any property of the Defendants that could be forfeited as a substitute asset in accordance with 21 U.S.C. §853(p);

AND WHEREAS, on or about September 30, 2005, the government filed a Motion for Preliminary Order of Forfeiture and Money Judgment and proposed Preliminary Order of Forfeiture and Money Judgment seeking forfeiture of the Dreyse Pistol and a money judgment for $11,060.00;

AND WHEREAS, on or about October 3, 2005, this Court issued a Preliminary Order of Forfeiture against the Defendants' interest in the Dreyse Pistol and a personal money judgment for $11,060.00;

AND WHEREAS, on November 22, 2005, November 29, 2005 and December 6, 2005, a Notice of Order of Forfeiture was published in

---

[2] The $11,060.00 represents the total amount of proceeds the Defendants obtained from the two (2) drug transactions taking place on November 8, 2004 and November 18, 2004 to which the Defendants have pled guilty.  In Transaction 1, the Defendants obtained $3,660.00.  In Transaction 2, the Defendants obtained $7,400.00. As of this date, the government has not recovered the $11,060.00.

3

the Boston Herald newspaper pursuant to 21 U.S.C. §853(n)[3]. In addition, notice of the Preliminary Order of Forfeiture were served on the following people:

- a) Terry Flukes, Esquire, counsel for Michael Arco, 21 Franklin Street, Quincy, MA 02164 (returned undelivered);

- b) Richard C. Bardi, Esquire, counsel for Jess Siciliano, 6 Beacon Street, Suite 410, Boston, MA 02108 on November 21, 2005;

- c) Rosemary C. Scapicchio, Esquire, counsel for George Kanderakis, 4 Longfellow Place, 37th Floor, Boston, MA 02114 on November 21, 2005;

- d) George Kanderakis, #84260054, Essex County Correctional Facilities, PO Box 807, Middleton, MA 01949 on November 21, 2005;

- e) Theodore A. Barone, Esquire, counsel for Michael Arco, 1359 Hancock Street, Suite 4, Quincy, MA 02169 on November 21, 2005;

- f) Michael Arco, #84229054, Plymouth County Correctional Facility, 26 Long Pond Road, Plymouth, MA 02360 (delivered week of November 21, 2005);

- g) James E. McCall, Esquire, counsel for Jess Siciliano, 4 Longfellow Place, Boston, MA 02114 on November 21, 2005; and

---

[3] The Money Judgment granted on October 3, 2005 was not published in the Boston Herald because while the purpose of publication is to notify third parties with potential interest in property to be forfeited "the money judgment acts as a lien against the defendant personally for the duration of his prison term and beyond." United States v. Baker, 227 F.3d 955 (7th Cir. 2000).

      h)    Jess Siciliano, 6 Whitewood Road, White Plains, NY 10603-1137 (returned undelivered).

AND WHEREAS, as of this date, no claims of interest in the Dreyse Pistol have been filed with the Court or the U.S. Attorney and the time within which to do so has expired. <u>See</u> Court's Preliminary Order of Forfeiture and 21 U.S.C. §853(n)(2);

AND WHEREAS, by virtue of the Defendants' guilty plea and pursuant to 21 U.S.C. §853(a) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Final Order of Forfeiture for the Dreyse pistol,

ACCORDINGLY, it is hereby ORDERED, ADJUDGED and DECREED:

1. The United States' Motion for a Final Order of Forfeiture is ALLOWED.

2. All right, title and interest to the Dreyse pistol is hereby condemned, forfeited and vested in the United States, and shall be disposed of according to law.

3. Any parties having any right, title or interest in the Dreyse pistol are hereby held in default.

4. This Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

                                        _____
                                        William G. Young
                                        United States District Judge

Date: