```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MASSACHUSETTS
```

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 04-10372-WGY |
| | ) | |
| GEORGE KANDIRAKIS | ) | |
| | ) | |

**DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM**

**INTRODUCTION**

Pursuant to this Court's request the defendant, George Kandirakis, submits this post-sentencing supplemental memorandum to address the standard of proof required at a sentencing hearing sufficient to satisfy a defendant's Fifth and Fourteenth Amendment rights under the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005).

At the hearing on February 24, 2006, this Court imposed a 24-month sentence upon Kandirakis pursuant to a jury verdict against him on one count of conspiracy to distribute and unquantified amount of oxycodone. The Court asked the jury to return a verdict indicating how much oxycodone Kandirakis was responsible for. Despite this Court's instructions, the jury could not determine, beyond a reasonable doubt, any amount of cocaine attributable to Kandirakis. Kandirakis argued at sentencing that the

1

proper standard of proof at a sentencing hearing, to satisfy Kandirakis' rights pursuant to the 5th and 14th Amendments to the United States Constitution, is proof beyond a reasonable doubt.  This Court agreed that if the standard was proof beyond a reasonable doubt, the jury's verdict would be binding on the Court and Kandirakis' sentence would be lower than the sentencing Court imposed.

**ARGUMENT**

**SENTENCING COURTS ARE CONSTRAINED BY THE FIFTH AMENDMENT, AS INTERPRETED BY IN RE WINSHIP, RING, APPRENDI AND BLAKELY, SUCH THAT FINDINGS THAT RESULT IN THE LOSS OF LIBERTY MUST BE MADE PURSUANT TO PROOF BEYOND A REASONABLE DOUBT.**

United States v. Booker was a Sixth Amendment decision whereby the Supreme Court found that sentencing courts may find facts beyond the jury verdict in furtherance of the goal to sentence for the "real offence."  However, the Booker Court was *not* asked, and therefore did not consider, the *Fifth* Amendment constraints on the Booker holding. Decades of Supreme Court jurisprudence evidence that, when asked if the Fifth Amendment constrains the ability of the sentencing court, the Supreme Court will decide the question consistent with its holding in In re Winship, 397 U.S. 358, 90 S.Ct. 1068 (1970).  There, the Supreme Court held that the requirement of proof beyond a reasonable doubt was linked not to the type of hearing, but rather to

2

the <u>potential outcome</u> of the hearing.  That is, proof beyond a reasonable doubt is fundamentally required where loss of liberty is a potential outcome. Id at 365-66.

    While the Supreme Court has not decided what standard of proof judges must use in applying the advisory guidelines, the Court did explain thirty-five years ago in <u>In re Winship</u> that the function of the standard of proof as embodied in the Due Process Clause of the Fifth Amendment is to:

> …instruct the fact finder concerning the degree of confidence our society thinks he should have in the correctness of the factual conclusion for a particular type of adjudication. In a civil suit for damages, the preponderance standard is acceptable because it is viewed as no more serious for there to be an error in the plaintiff's favor than for there to be an error in the defendant's favor. Id at 371-72.

Moreover,

> …[w]here one party has at stake an interest of transcending value–as a criminal defendant his liberty – this margin of error is reduced as to him by the process of placing on the other party the burden **** of persuading the fact-finder at the conclusion of the trial of his guilt beyond a reasonable doubt. Id at 363.

<u>Winship</u> involved fact-finding in a juvenile delinquency proceeding where, as in federal sentencing today, the judge

3

did the fact-finding because the hearing did not result in "conviction" of a crime. The Supreme Court held that the requirement of proof beyond a reasonable doubt was not linked to the <u>type</u> of hearing, but rather to the <u>potential outcome</u> of the hearing. That is, proof beyond a reasonable doubt is fundamentally required where loss of liberty is a potential outcome. Id at 365-66.

In <u>Apprendi v. New Jersey</u>, the Supreme Court underscored the enormity of the decision to deprive a human being of liberty: "Since <u>Winship</u>, we have made clear beyond peradventure that <u>Winship</u>'s due process and associated jury protections extend to some degree, to determinations that [go] not to a defendant's guilt or innocence, but simply to the length of his sentence." 530 U.S. 466,484 (1999). And again, in <u>Ring v. Arizona</u>, the Supreme Court held that any "increase in a defendants authorized punishment contingent on the finding of fact, that fact – no matter how the states labels it– must be found by a jury beyond a reasonable doubt. 536 U.S. 584, 602 (2002). Finally, in <u>Schriro v. Summerlin</u>, 542 U.S. 348, 124 S.Ct. 2519 (2004), the Supreme Court underscored the pivotal role of the reasonable doubt standard to the concept of fundamental fairness in criminal proceedings. The <u>Schriro</u> Court held that <u>Ring</u> was not retroactive because, although the Sixth

4

Amendment rights at stake were fundamental, Arizona's requirement that the judge make the fact findings beyond a reasonable doubt protected the fundamental fairness and accuracy of the criminal proceedings.

Even in the small number of criminal cases where special findings have been permitted, proof beyond a reasonable doubt has always been required.  United States v. Sobell, 2 Cir., 1963, 314 F.2d 314, 329 n. 12, cert. denied, 374 U.S. 857, 83 S.Ct. 1906, 10 L.Ed.2d 1077; Continental Baking Co. v. United States, 6 Cir., 1960, 281 F.2d 137, 155; Williams v. United States, 5 Cir., 1956, 238 F.2d 215, 218-220, cert. denied, 352 U.S. 1024, 77 S.Ct. 589, 1 L.Ed.2d 596; United States v. Haim, S.D.N.Y., 1963, 218 F.Supp. 922; United States v. Simon, S.D.N.Y., 1960, 186 F.Supp. 223; United States v. Ogull, S.D.N.Y., 1957, 149 F.Supp. 272, affirmed, without discussion of this point, sub nom., United States v. Gernie, 2 Cir., 1958, 252 F.2d 664, cert. denied, 356 U.S. 968, 78 S.Ct. 1006, 2 L.Ed.2d 1073. Second, in treason cases the finding of an overt act is specifically required by the federal constitution. U.S. Const. art. III, § 3; Kawakita v. United States, 1952, 343 U.S. 717, 72 S.Ct. 950, 96 L.Ed. 1249, aff'g 190 F.2d 506, 9 Cir., 1951, aff'g 96 F.Supp. 824,

S.D.Cal., 1950; United States v. Best, D.Mass., 1948, 76 F.Supp. 138, 857, conviction aff'd 184 F.2d 131, 1 Cir., 1950, cert. denied, 340 U.S. 939, 71 S.Ct. 480, 95 L.Ed. 677; United States v. Chandler, D.Mass., 1947, 72 F.Supp. 230, conviction aff'd 171 F.2d 921, 1 Cir., 1948, cert. denied, 336 U.S. 918, 69 S.Ct. 640, 93 L.Ed. 1081. See also Haupt v. United States, 1947, 330 U.S. 631, 641 n. 1, 67 S.Ct. 874, 91 L.Ed. 1145; Cramer v. United States, 1945, 325 U.S. 1, 36 n. 45, 65 S.Ct. 918, 89 L.Ed. 1441.

In Booker, the questions presented and holding were stated solely in terms of the Sixth Amendment.  Where the Supreme Court has considered the issue, however, holdings indicate that a majority of the Supreme Court would find that the Fifth Amendment requires more than a preponderance of the evidence standard particularly for separate "real offense" crimes even if the Guidelines are "advisory."  In Blakely, the majority of the Supreme Court strongly criticized real offense sentencing generally. Blakely 542 U.S. at 306. (that a judge could sentence a man for committing murder even if the jury convicted him only of illegally possessing the firearm used to commit it" was an "absurd result" that "not even Apprendi's critics would advocate.")

6

After Booker, disputed facts that increase the guideline range continue to have a definite and measurable effect on the sentence. Recognizing that the guideline range still has a definite and measurable effect on the loss of liberty, a number of district courts, after Booker, have adopted the beyond a reasonable doubt standard as a matter of constitutional avoidance, of discretion, or as an indictor of how much weight they should give the guideline range. Other courts have declined to use acquitted conduct.[1]

While the U.S. Sentencing Commission (pre-Booker) stated in its commentary to the U.S.S.G. sec. 6A1.3 that "the use of a preponderance of the evidence standard is appropriate to meet due process requirements and policy concerns…", Justice Thomas' dissent in Booker points out that:

> …the Court's holding today corrects this mistaken belief. The Fifth Amendment requires proof beyond a reasonable doubt, not by a preponderance of the evidence, of any fact that increases the sentence beyond what could have been lawfully imposed

---

[1] United States v. Pimental, 376 F. Supp 2d. 143 (D. Mass. April 15, 2005); United States v. Thomas, 360 F. Supp. 2nd 238, 241 (D. Mass 2005) United States v. Okai, 2005 WL 2042301 at 4-10 (D. Neb. Aug. 22, 2005); United States v. Coleman 370 F. Supp. 2d 661 (S.D. Ohio 2005); United States v. Gray, 362 F. Supp. 2d 714m 720-24 (S.D. W. Va. Mar. 17, 2005); United States v. Hureta-Rodriguez, 355 F. Supp. 2d 1019, 1028 (D. Neb. Feb. 1, 2005); United States v. Carvajal, 2005 WL 476125*4 (S.d.N.Y. 2005); United States v. West. 2005 WL 180930 (S. D. N. Y. Jan 27, 2005).

7

          on the basis of facts found by the jury
          or admitted by the defendant.
          <u>Booker</u>,125 S Ct. at 798 n. 6 (Thomas,
          J. dissenting).

    As such, to protect Kandirakis' Fifth Amendment rights this court should find that the standard of proof beyond a reasonable doubt is the appropriate standard to apply at sentencing. Moreover, <u>Booker</u> signifies that any fact that would increase Kandirakis' sentence beyond what could have been lawfully imposed based on the facts found by the jury must be proven beyond a reasonable doubt.  Here, based upon a standard of beyond a reasonable doubt, quantity cannot be determined and should be assumed to be zero.  An unquantified conspiracy under the now Advisory Guidelines is limited to a sentencing range of 0-6 months.

    <u>Booker</u> does not prohibit this Court from applying a higher burden of proof than the preponderance standard, and in fact the penumbras of <u>Booker</u> indicate that proof beyond a reasonable doubt is required. See <u>Booker</u> 125 S. Ct. 738. Kandirakis' Fifth Amendment concerns can best be avoided by requiring proof beyond a reasonable doubt. Cf. <u>Jones v. United States,</u> 526 U.S. 227, 229 (1999)(interpreting federal carjacking statute "in light of the rule that any interpretive uncertainty should be resolved to avoid serious questions about the statute's constitutionality").

**CONCLUSION**

For all of the above stated reasons, this Court should protect Kandirakis' Fifth and Fourteenth Amendment rights by imposing a "beyond a reasonable doubt" standard to his sentencing hearing in full compliance with the jury's verdict and impose a sentence of no more than 0-6 months under the advisory guidelines.

Respectfully Submitted,
GEORGE KANDIRAKIS
By His Attorney


/s/ Rosemary C. Scapicchio
Four Longfellow Place
37th Floor
Boston, Massachusetts 02114
(617) 263-7400
BBO # 558312
